Bennett *vs.* Brown.

JAMES M. BENNETT, plaintiff in error, *vs.* GEORGE A. BROWN, defendant in error.

1. A bill of review will be sustained where the whole scope and object of the original bill was to charge certain defendants against whom no decree passed, and where it would be a great strain of language to construe the original bill as contemplating or warranting any such relief as was granted, separately, against another defendant, the only one decreed against, and the one who now brings the bill of review.

2. While mere irregularities afford no ground for a bill of review, glaring defects, such as omitting a proper interlocutory judgment taking the bill *pro confesso*, and such as not signing up the final decree by the chancellor, but by the complainant's solicitor, will be regarded, in aid, at least, of a substantial ground like that mentioned above.

3. When a bill of review is brought, and there appears to be good cause for

reversing the decree, the enforcement of the decree by levy and sale will be enjoined until the hearing on review.

Equity.    Bill of review.    Before Judge CLARK.    Sumter County.    At Chambers.    February 25th, 1876.

Bennett filed his bill against Brown, praying that a decree rendered in favor of the latter against him, on a bill filed in Sumter superior court against Furlow, Price & Furlow, to which he had subsequently been made a party, should be vacated, and that the sale of certain property levied on under the execution issued on such decree should, in the meantime, be enjoined.    The grounds alleged for the vacation of such decree were, in brief, as follows:

1st. Because there were neither allegations in such bill charging complainant with any liability to defendant, nor any prayer for relief as against him.

2d. Because there was neither process attached to said bill nor appearance on the part of any of the defendants.

3d. Because such decree was signed by counsel and not by the court.

4th. Because the verdict upon which the decree purports to have been entered, was rendered on October 15th, 1872, whilst said decree was dated March 8th, 1873, more than four days after the adjournment of the court.

Complainant further alleged facts showing that he was not indebted to defendant at the time of the filing of the aforesaid bill or when such decree was rendered.

The orginal bill, the proceedings upon which are sought to be reviewed, presented, in substance, the following facts:

Complainant, George A. Brown, shows that on October 1st, 1855, one James M. Bennett, of said county, (Sumter,) owned a negro girl, which he mortgaged to complainant to secure an indebtedness of $500 00.    The negro was subsequently turned over to John V. Price, a member of the firm of Furlow, Price & Furlow, who took the same with full notice of the aforesaid mortgage.    Bennett was indebted to the aforesaid firm, and before the delivery of the negro to Price, the latter had

consulted with complainant as to the mortgage aforesaid, and as to the best means of securing the payment of both debts, when it was suggested by complainant that Price had best take possession of such slave to prevent her being run off. Price then represented that he thought an arrangement could be made by which Bennett would turn over all his assets to him or to his firm, in which case such firm would take an assignment of the aforesaid mortgage and give their acceptance for the amount of complainant's claim. Furlow, Price & Furlow did take a bill of sale to a stock of goods owned by Bennett to secure the amount due them, but subsequently, without the consent of complainant, gave up such stock to secure other creditors. They then claimed the aforesaid negro under a bill of sale or mortgage, which they said they had obtained from Bennett prior to the execution of the mortgage to complainant. Possession of said negro was yielded to Price with the understanding that he would secure both of the aforesaid claims with that and other property which he was to obtain from Bennett. Complainant foreclosed his mortgage, and on January 5th, 1856, execution issued, but the negro was not to be found. Price informed the sheriff that he had been suspecting something of the kind, and that the negro was out of the state. He has placed such slave beyond the reach of the execution. Furlow, Price & Furlow pretend that the negro belongs to them under the aforesaid bill of sale, but complainant charges that if there be any such instrument it is void as a secret lien, and that, if a mortgage, it has lost its priority from failure to record the same. Complainant prays discovery and the writ of *subpœna* to be directed to Furlow, Price & Furlow.

The bill was filed on February 9th, 1856, and on the same day service was acknowledged, and "copy process" waived by each of the members of Furlow, Price & Furlow. No process of any kind was attached.

On September 9th, 1856, it was ordered by the court that complainant have leave to amend by making Bennett a party defendant.

The entries on the docket were as follows:

"September adjourned term, 1856. Order to perfect service."

"September adjourned term, 1857. Order to plead, answer and demur."

"Verdict taken on bill *pro confesso.* October term, 1860. Appealed by consent."

"Continued. April term, 1867. `October adjourned term, 1868. Continued."

"Bill dismissed as to Furlow, Price & Furlow, and decree as to Bennett. October term, 1872."

On October 15th, 1872, a verdict was rendered in favor of Furlow, Price & Furlow, and against Bennett for $500 00, with interest, "he being in default."

A decree in the form of a common law judgment, signed by complainant's solicitors, was entered on March 8th, 1873.

To the execution issued on this decree, Bennett filed an affidavit of illegality, which was decided adversely to him. He then moved to set aside the decree and it was ruled to the contrary by the court. He now files his bill for review and injunction.

The injunction was refused, and he excepted.

GUERRY & SON, for plaintiff in error.

W. A. HAWKINS; N. A. SMITH, for defendant.

BLECKLEY, Judge.

The object of this bill is to vacate a decree made on a former bill, and, in the meantime, to enjoin the enforcement of that decree by the sale of property now under levy. The chancellor refused the injunction prayed for, and that is the error complained of.

The former bill was by Brown against Furlow, Price & Furlow. Bennett, the complainant in the present bill, was made a party defendant to that bill by amendment. He never appeared or made any defense. The case lingered in

court for a long time. It was commenced in 1856, and in 1873 the jury rendered a verdict in favor of Furlow, Price & Furlow. The same verdict found against Bennett $500 00, with interest and cost. On that verdict no decree was signed by the chancellor, but the complainant's solicitors entered up a decree in the usual form of a judgment at common law, signing it themselves, in favor of their client, Brown, against the defendant, Bennett. On that decree execution was issued, and the same being levied on Bennett's property, he filed an affidavit of illegality. That was decided against him. He then moved to set aside the decree, and that was decided against him : See *Brown vs. Bennett, 55 Georgia Reports,* 189. He is now here with a bill of review, and the question is whether he has found his right remedy at last, or whether he is without remedy.

1. The whole scope and purpose of the original bill was to charge Furlow, Price & Furlow. They had received and run off a negro girl belonging to Bennett, on which Brown had a mortgage for $500 00, Bennett being his debtor for that sum. The mortgage had been foreclosed, but too late to be levied, the negro not being accessible. That was Brown's grievance. He did not complain that Bennett had done aught that was wrong or contrary to good faith. On the contrary, he alleged in his bill that he (Brown) himself had suggested to Price to take the negro, and that Price acquiesced in the suggestion ; and · that when Price received the negro he did so with the understanding that it was to secure Brown's claim as well as the claim of Furlow, Price & Furlow. It turned out that Price did not carry out this arrangement, but claimed title to the negro for his firm, and put her out of the reach of Brown's mortgage. Bennett was insolvent, and Brown's bill alleged that his only remedy was in equity. Surely his case required no decree in equity against Bennett. It was not a suit on the debt, with a view to putting that into judgment against Bennett. The amount of the debt is stated in the bill, but there is no further description of it, except by the date of the mortgage. The bill does not

Bennett *vs.* Brown.

say how or for what the debt was contracted, whether it was by note or account, or when it became due. The bill, then, as against Bennett, cannot be considered as a suit to recover the debt. Neither can it be regarded as based on the mortgage. The mortgage was foreclosed already, and Brown needed no further judgment on the mortgage as against his debtor, Bennett. What was there left to serve as the basis of a separate decree against him? Nothing. He was charged with no *tort.* The bill was not a suit on the debt or on the mortgage any further than these were involved in grounding an equity against Furlow, Price & Furlow. Then, was it not a great strain to construe the bill as calling for or warranting any separate relief against Bennett? There was no such relief specifically prayed for, and to grant it under the prayer for general relief would be to deviate widely from the obvious scope and purpose of the bill : 2 *Kelly,* 413. With the charges of the bill as premises, we think no logic of law or equity would ever lead to a separate money decree against Bennett as conclusion. Such a decree is an absolute *non sequitur.* It is a remote after-thought, or a mere dream. If the bill were a declaration in a court of law, judgment on it would be arrested. Take all its allegations for true, and there ought to be no recovery in any court against Bennett. If the bill alleges the truth, Bennett was not to blame for turning the negro over to Price ; and the possession of the negro by Price or his firm, and the disappearance consequent thereon, gave occasion for the bill.

2. We are the more ready to break down the so-called decree, because there are not only irregularities, but most glaring defects, in the record of that suit. There was an order to take the bill *pro confesso,* as to Bennett, unless he answered at the next term, but no order passed actually so taking it, or any part of it. We hardly think the Code, section 4212, was intended to change the prior practice ; and that made the order essential : 13 *Georgia Reports,* 24. Again, the Code, section 4212, says " a decree in chancery is the judgment of the chancellor upon the facts ascertained and should be signed

by him." Here the chancellor seems to have had nothing to do with the decree, but the complainant's solicitors give it to us, over their signatures, as what the court has considered and adjudged. It was attempted, in argument, to justify this practice by calling attention to section 4215, which says that a decree for money shall be enforced by execution against property as at law; but this relates to enforcing the decree, not to making or authenticating it. All decrees, without exception, should now be signed by the chancellor. Prior to the Code that was not necessary, (42 *Georgia Reports*, 208,) but we are not sure that a proper construction of the Code would allow the chancellor's signature to be dispensed with. We do not absolutely rule the question, for we are not obliged to do it, there being enough error otherwise to overturn the decree we are considering.

3. The injunction should be granted as prayed for until the final hearing on review. No question was made before us as to additional parties. It may be that Furlow, Price & Furlow are not without interest in this bill of review; and if so, they should be brought in by amendment: 6 *Georgia Reports*, 207; 7 *Ibid.*, 110.

Judgment reversed.