WILKINSON, guardian, *et al. vs.* TUGGLE, executor.

1. Where, on a bill filed by one who holds under an executor's sale, against the executor and others, to quiet the title to the property, alleging that the order for sale was never recorded but lost, and the ordinary dead, the jury found the sale regular and that the order had been granted, this will be sufficient in a subsequent suit between the devisees in remainder and the purchaser, or those holding under him, to admit the executor's deed in evidence witho - other proof of the order.

2. Where the executor, in answer to such bill, admitted that the sale was legal and valid, and a decree was entered accordingly, the executor so far represented the devisees in remainder, who were his children and the grand-children of the testator, as to render such decree binding upon them.

BLECKLEY, J., dissented.

Judgments. Evidence. Administrators and executors. Before Judge BUCHANAN. Troup Superior Court. May Term, 1878.

John E. Wilkinson died leaving his son, Thomas W. Wilkinson, his executor. In the will was the following clause:

"I will unto my son, Thomas W. Wilkinson, his share of my negroes as aforesaid in item 3, to be his, and at his death to go to his children; and also, one equal portion of the balance of my property, both personal and real, and in the event of his death without children, then equally divided among his brothers and sister."

The will also constituted Thomas W. trustee as to the shares of two other children.

The executor sold certain realty. W. H. Wilkinson bought; he sold to Holderness. Afterwards Holderness filed a bill against Thomas W. personally, and as executor and trustee, and the devisees (there were three children besides Thomas W.) to quiet the title. It alleged that the sale was necessary for purposes of administration, that it had taken place under order of the ordinary and in due form, but that the order had never been recorded, was lost, and the ordinary dead. Thomas W., both personally and in his representative character as executor and trustee of the devisees, answered that there was an order and the sale was regular and valid. A decree was entered accordingly. Tuggle, executor, claims under that sale. Thomas W. has died; his children now seek partition, alleging that there were four children of testator; that one had his share set apart to him; that Tuggle, executor, holds the interest (by purchase) of two others, and they claim their father's share. Their application was denied, and they excepted. They allege error in admitting in evidence the record in Holderness *vs.*

Thomas W. Wilkinson, executor, *et al.*, and in admitting the deeds showing title from the estate, or rather the records of them, they being lost.

C. W. MABRY, for plaintiffs in error, cited (on admission of evidence) 4 *Ga.*, 148; 8 *Ib.*, 236; 40 *Ib.*, 363; Code, §§2586, 2559. Construction of will, 34 *Ga.*, 399; 40 *Ib.*, 574; Code, §2456; 19 *Ga.*, 66; 12 *Ib.*, 47; 15 *Ib.*, 122; 16 *Ib.*, 496; 33 *Ib.*, 129 (supplement.)

W. O. TUGGLE; A. H. Cox, for defendant, cited as follows: *Onus* on petitioner, Code, §3999; 8 *Ga.*, 83; 33 *Ib.*, 107; Code, §2301. *Res adjudicata*, Code, §§4001, 3826, 3728.

WARNER, Chief Justice.

This was an application by the plaintiffs against the defendant for the partition of certain described lands under the provisions of the 3996th section of the Code. The defendant filed his objections and denied the title of the plaintiffs to any part of the land sought to be partitioned. After hearing the evidence of the respective parties, the court denied the plaintiffs' application, whereupon they excepted, and alleged that the court erred in admitting in evidence the records of certain deeds (the originals of which were lost or mislaid), also in admitting in evidence a bill in equity and decree thereon in favor of Holderness, complainant, against Thomas W. Wilkinson, executor of John E. Wilkinson, deceased, *et al.*, rendered in Troup Superior Court in July, 1867, and in denying the plaintiffs' application for partition.

1. The plaintiffs claim to derive their title to the land in controversy under the last will and testament of their grandfather, John E. Wilkinson, the fifth clause of which is as follows:

"I will unto my son, Thomas W. Wilkinson, his share of my negroes as aforesaid in item 3, to be his, and at his death to go to his children,

and also one equal portion of the balance of my property, both personal and real, and in the event of his death without children, then equally divided among his brothers and sister."

Assuming that the plaintiffs took an estate in remainder in the land under the will of John E. Wilkinson, still that land was legally sold by Thomas W. Wilkinson, his executor, in the due course of administration, and those under whom the defendant now claims obtained a good and valid title thereto, as was adjudged and decreed by the court in the equity cause before referred to, it having been agreed that Tuggle, the defendant, as the executor of Callaway, held and claimed the title to the land in his testator through and from Holderness, the complainant in said bill in equity. The objection to the admissibility of the copy deed of the executor, and the deeds of those claiming under him, was, that it did not appear that an order had been granted by. the ordinary authorizing the sale of the land, but the decree of the court obviates that alleged objection, for it expressly finds that an order was duly and regularly granted.

2. The objection to the admissibility of the record of the bill in equity and the decree thereon, was that the plaintiffs were not parties to that suit, and therefore were not bound by the decree had therein. The reply is that their father, Thomas W. Wilkinson, was the executor of the last will and testament of their grandfather, John E. Wilkinson, and was a party to that bill and answered it, and admitted that there had been a legal and valid sale of the land by him as such executor, and that being so he represented the legatees and devisees under the will of his testator so far as to legally dispose of his estate in the due course of administration thereof. On the statement of facts contained in the record there was no error in refusing the plaintiffs' application for partition.

Let the judgment of the court below be affirmed.

JACKSON, Justice, concurred.

BLECKLEY, Justice, dissented.