## CHISOLM, administrator, v. SPULLOCK.

Where a will has been admitted to probate in solemn form by the
court of ordinary, and an appeal has been entered to the superior
court, during the pendency of which legatees to whom real estate
was devised by the will made a compromise of the litigation over
it with the administrator *cum testamento annexo* and, in pursuance
thereof, conveyed to him individually "all right, title, interest and
claim, vested or contingent, which [they] have or may have in the
future unto and to [said real estate] under and by virtue of [said
will] directly or indirectly": *Held*, that this deed conveyed to the
grantee therein all rents which up to its date had accrued upon
the real estate mentioned, and which had never been paid over to
said legatees, the title to the rents being dependent upon the
interest devised in the realty.

SIMMONS, J., dissenting.

July 20, 1891.

Wills. Deeds. Title. Before Judge MADDOX. Floyd
superior court. September adjourned term, 1890.

Reported in the decision.

DABNEY & FOUCHÉ, for plaintiff.

WRIGHT & HARRIS, for defendant.

LUMPKIN, Justice.

Mrs. Martha B. Chisolm died leaving a paper which
purported to be her last will and testament. It de-
vised a one third interest in a storehouse in the city of
Atlanta to her mother, Mrs. Spullock, for life, and at
her death, to the heirs of the latter. With this excep-
tion, the will provided that all the property of the tes-
tatrix should be equally divided between her daughter,
such other children as she might have by her then
husband, and the husband himself, the portion of the
latter to go to him for life, with remainder over to the
children of the testatrix. This will was offered for pro-
bate in solemn form by Mrs. Spullock and others, and
a *caveat* was interposed. It was admitted to probate
by the court of ordinary, and an appeal entered to the
superior court. Willis P. Chisolm, the husband of the
testatrix, after having been appointed administrator

*cum testamento annexo* on her estate, died, and his brother, J. P. Chisolm, became administrator in his stead. While the litigation over the will was pending in the superior court, and for the purpose of effecting a compromise thereof, Mrs. Spullock and her children, who were remaindermen under the will as to the storehouse property, in consideration of $10,000.00, sold and conveyed to J. P. Chisolm, by the deed referred to in the head-note, all their rights under the will to the realty therein devised to them. It appears that Mrs. Spullock was indebted to her daughter Martha B., $526.25, besides interest, on two promissory notes, secured by a mortgage on real estate in the city of Rome. J. P. Chisolm, as administrator, sought to foreclose this mortgage, and as a defence thereto, Mrs Spullock filed a set-off, claiming therein one third of the rents which had accrued upon the Atlanta real estate up to the time the deed above mentioned was made.

The question, therefore, presented for our adjudication is, whether or not she was entitled to her alleged share in these rents. We do not think she was. The title to the realty upon which these rents accrued had never vested in Mrs. Spullock. The very issue to be determined in the controversy over the will was whether or not the title to a one third of this realty *should* vest in her. That issue was never finally determined in her favor, and by her own deed she forever conveyed all her interest in the realty to another. The executor had never assented to the legacy to Mrs. Spullock and her children, and this, under §2451 of the code, was necessary before the title could pass to them. Instead of assenting to the legacy, the executor was resisting it; in fact, was contesting the will itself. The appeal from the judgment of the court of ordinary suspended that judgment, and while the controversy was still pending, Mrs. Spullock and her children sold out their interest

in the Atlanta realty and abandoned their effort to set up the will. Hence, there can never be an assent by the executor to this legacy; the title to this Atlanta realty can never vest in Mrs. Spullock or her children, nor can the judgment of the court of ordinary ever have any force or effect. In view of these facts, it must inevitably result that the purchase by J. P. Chisolm of all the right, title and interest of Mrs. Spullock and her children in the Atlanta realty under Mrs. Chisolm's will, made in compromise of litigation touching the validity of the will, related back to the death of the testatrix, and passed to the purchaser any interest in uncollected rents accruing from the realty mentioned which the devisee or devisees had, because the interest in the rents was dependent upon the interest devised in the realty. We are satisfied that the purpose and effect of the compromise had between Mrs. Spullock and her children, on the one side, and J. P. Chisolm on the other, were to settle finally and definitely all controversy over the will, and that by its terms every right of Mrs. Spullock under the will was disposed of. The rents could not belong to her, nor had she any right to demand the same, until her title to an interest in the realty was established. This, we have shown, was never done, and further, that it never can be done. Necessarily, therefore, the rents followed the realty into the hands of its real owner.

We think the court erred in holding that the deed above recited passed to J. P. Chisolm only the right that Mrs. Spullock had in the real estate, and that her claim for rent was a separate and distinct matter, and did not pass thereby. The verdict having allowed the defendant's set-off was, in our opinion, wrong, and a new trial should therefore have been granted.

<em>Judgment reversed.</em>

SIMMONS, Justice, dissented.