HERZ *et al. v.* FRANK & ADLER *et al.*, and *vice versa.*

1. An order passed in term, setting the hearing of a motion for a new trial in vacation, in effect keeps the term, relatively to that particular case, open until such motion shall have been decided.
2. If while a motion for a new trial, made by a defendant and set for a hearing in vacation, was pending, the judge entered a judgment which did not follow the verdict or was for any reason erroneous, and the defendant desired to except thereto, he could file exceptions pendente lite and thus preserve his objections to the judgment until the hearing of his motion for a new trial; and upon the same being overruled, he could, upon his final bill of exceptions, assign error upon his exceptions pendente lite.
3. Where upon such a case this course was not pursued, but on the contrary the defendant, without excepting pendente lite to the judgment, sought to do so in his final bill of exceptions which was filed too late to reach the alleged errors in the judgment, and where this court affirmed generally the judgment of the court below, the defendant could not thereafter maintain in the trial court a motion or petition to correct the alleged errors in such judgment; the effect of the judgment of this court being to finally adjudicate between the parties all questions which were or might have been raised here respecting the validity of the judgment below.

Argued May 4, — Decided May 27, 1898.

Petition to reform decree.    Before Judge. Littlejohn.    Macon superior court.    November term, 1897.

*John I. Hall, John W. Haygood* and *Guerry & Hall,* for Herz et al.    *Hardeman, Davis & Turner,* contra.

SIMMONS, C. J.    The case of Frank & Adler et al. *v.* Herz et al. came on to be tried at the May term, 1896, of Macon superior court.    On the trial, special questions were submitted to the jury and were answered by it.    Herz, being dissatisfied with the verdict of the jury, moved, during the term, for a new trial.    The trial judge granted an order setting the motion for new trial down for hearing in vacation, and also a consent order that he might render the decree in vacation.    In July following, the judge rendered a decree in the case.    In the following December, he overruled the motion for a new trial; whereupon Herz et al. filed a bill of exceptions, assigning error upon the refusal of the new trial, and also assigning error upon the decree rendered by the judge.    The case was brought to this court, where it was decided that this court would disregard the assignments of error upon the decree, for the reason that

they were not filed and certified by the judge within the time prescribed by law. The decision of the judge in overruling the motion for a new trial was affirmed. In rendering the decision as to the assignments of error upon the decree, the court held that exceptions pendente lite should have been filed to the decree and error thereon have been assigned in the final bill of exceptions. 101 *Ga.* 615. Counsel for Herz then filed an equitable petition seeking "to set aside, reform and correct" the decree, for certain alleged errors contained therein, which it is unnecessary to mention here. To this petition the defendants filed a demurrer. This demurrer was sustained by the court, and the plaintiffs excepted.

1, 2. It was argued by counsel for plaintiffs in error, that the trial judge erred in dismissing the petition, for the reason that the plaintiffs in error had never "had their day in court" as to the errors alleged to exist in the decree; that the decree being rendered in vacation, several months before the judgment overruling the motion for a new trial, could not have been excepted to either in a final bill of exceptions or by exceptions pendente lite; that they could not have filed a final bill of exceptions when the decree was rendered, because the case was still pending on a motion for a new trial and there had not been any final judgment rendered therein; that they could not have excepted pendente lite, because the code requires such exceptions to be filed in term and they could not have been filed in vacation. We have given much thought and reflection to this question, and have reached the conclusion that the court was right in deciding, when this case was here before, that exceptions pendente lite could have been filed. This court has in numerous cases decided, in effect, that where a motion for new trial is made in term and an order taken for it to be heard in vacation, the term of the court, for that particular case, has not adjourned but is still open. In the case of *Stone* v. *Taylor*, 63 *Ga.* 309, Bleckley, J., in treating this subject, said: "The order taken in term, to hear the motion in vacation, put the judge in full possession of the case at the time appointed, and continuances from time to time were had, so that there was no gap or break. It was as if the first day had been lengthened,

or all the sittings had taken place at different hours of the same day. . . . He had exactly the same power in that respect as if he had been sitting in term; and so had he in respect to adjourning over from one day to another. When a court is once on foot in a regular, legitimate way, it requires no con-, sent of parties to run it. The law makes it self-supporting. The motion for a new trial did not perish on the judge's hands, but kept its vitality until he passed judgment refusing to grant it. To that judgment a writ of error lies." In many other cases the court has held, that where an order is taken to hear a motion upon a certain day in vacation, unless the judge continues it by another order on that day, he loses jurisdiction of the case. In the case of *Arnold* v. *Hall*, 70 *Ga.* 445, a motion for new trial was set for hearing on a particular day, and four days thereafter the judge approved the brief of evidence and granted a new trial. This court held that the judge had no jurisdiction to pass the order approving the brief of evidence or to grant the new trial. The reasons for these decisions must have been that, when the judge failed to act upon the day set in the order, the term of court expired as to the case set for that day. An order, taken in term, to hear in vacation a motion for a new trial, operates, in our opinion, to keep the regular term of the court open as to that particular case until it is passed upon by the judge. This being so, any ruling or decision upon collateral questions, made by him before the final judgment overruling or granting the motion for new trial, can be excepted to pendente lite.

Before the act of 1870, regulating the practice upon applications for injunctions and providing for "fast" bills of exceptions, this question was discussed in the case of *Nacoochee etc. Co.* v. *Davis*, 40 *Ga.* 309. That case arose upon an application to this court for mandamus to compel the trial judge to certify a bill of exceptions and have sent up the record in the case. It appears that the judge dissolved the injunction at chambers. A bill of exceptions was tendered him, and he certified it as true, but refused to order the clerk to send up the record to this court; but he ordered the bill of exceptions and his decision to be entered upon the minutes of the court. After citing sev-

eral sections of the code and discussing the two sections in regard to final bills of exceptions and exceptions pendente lite, Brown, C. J., (pp. 322–3) said: "Taking all these sections together, we think the meaning is that in all cases, whether at law or in equity, tried at the regular term, all exceptions to the interlocutory orders, judgments or decrees of the court, upon any collateral issue, or any matter springing out of the cause, or ancillary to it, must be entered of record, to await the final trial of the cause, before they are brought to this court. And in all matters heard at chambers, where the issue to be determined is collateral to, or springs out of a cause then pending in the superior court, and is ancillary to it, the bill of exceptions should be tendered at the session of the court when the ruling is made, and the judge should allow a reasonable time, before closing the session at chambers, to make out the bill of exceptions, which, if true, he should sign, and he should order the clerk of the superior court to enter it upon the minutes, to be sent up with the record, if the cause is brought to this court for alleged errors on the final trial," etc. This was a distinct recognition by this court of the fact that exceptions pendente lite could be filed to a decision at chambers before final adjournment in the case. The right to file exceptions pendente lite to decisions at chambers was also recognized in the case of *Pergason* v. *Etcherson*, 91 *Ga.* 786. In that case a verdict was rendered, finding that a certain will was not valid as to Mrs. Etcherson and Mrs. Duke. The propounders of the will made a motion in term for a new trial, and an order was taken to hear it in vacation. When the motion came on for a hearing, counsel for respondents moved to dismiss it. The court overruled the motion to dismiss, heard the case, and granted a new trial as to Mrs. Duke. The propounders of the will sued out their bill of exceptions in proper form, complaining of the judgment refusing to grant a new trial as to Mrs. Etcherson. Mrs. Etcherson and Mrs. Duke sued out a cross-bill of exceptions, complaining jointly of the refusal to dismiss the motion for new trial. The cross-bill was not sued out within the time prescribed by law, and this court held: "The refusal to sustain such a motion is cause for a separate and independ-

ent writ of error, which should be sued out within thirty days from such refusal. If not sued out within that time, or if no exceptions are entered pendente lite, it is too late after the thirty days have expired to bring the case to this court." We think that the plaintiffs in error could have filed exceptions pendente lite to the decree and had them certified and recorded as provided by the code, and when their motion for a new trial was refused, they could have assigned error upon the exceptions pendente lite in their final bill of exceptions; or they could, at the time the motion for new trial was heard, have moved to set aside or reform the decree, and upon a refusal by the trial judge to grant this motion, they could have then excepted to such refusal in their final bill of exceptions, as was done in the case of *Anderson* v. *Green,* 46 *Ga.* 361.

3. The plaintiffs having before excepted to the decree, and this court having disregarded or dismissed that portion of their bill of exceptions because not filed within the proper time after the rendition of the decree, that decision was an affirmance of the decree as to all assignments of error made and as to all those which might have been made had exceptions been filed in time. *Price* v. *Lathrop & Co.,* 66 *Ga.* 545. It is contended that *Price* v. *Lathrop & Co.* is not applicable to the facts of this case, and that our decision on this point should be controlled by the decision in the case of *Bennett* v. *Brown,* 56 *Ga.* 216. In this contention, we do not agree with counsel for plaintiffs in error. We think the decision in *Price* v. *Lathrop & Co.* applies to the case at bar, and should be followed. In that case there were two bills of exceptions, one complaining of error in overruling the motion for new trial and the other complaining of errors in the decree. Both were dismissed for want of service upon an assignee who had been made party to the proceedings in the court below. A bill of review was then filed by one of the parties whose bill of exceptions had been dismissed for want of service; and on this state of facts the court held that: "After a case has been tried, brought by writ of error to this court—exceptions being taken both to the refusal of a new trial and the form of the decree,—a dismissal of the case affirms the judgment as pronounced, and a bill of review will not lie

for errors apparent on the face of the record." In the case of *Bennett* v. *Brown,* supra, it appears that a bill had been filed, and that by amendment Bennett had been made party defendant; there was no prayer for any relief against him, except a prayer against all the defendants for general relief. The case lingered in the court for several years, and finally a decree was rendered against Bennett for $500. Bennett had never appeared or pleaded. He filed an affidavit of illegality to the decree, and the affidavit was dismissed. He then in open court moved to set aside the decree for certain errors therein. In this case, 55 *Ga.* 189, this court held that "There is no law which will authorize the decree of a court of equity to be set aside for defective allegations in the bill, or for defective pleadings, on motion, as may be done with judgments at common law, under the provisions of the code. The proper remedy is by bill of review." Bennett then filed a bill of review, in which he alleged that there were neither allegations in the bill charging complainant with any liability to defendant nor any prayer for relief as against him; that there was neither process attached to said bill nor appearance by any of the defendants; that the decree was signed by counsel and not by the court; that the verdict upon which the decree was entered was rendered in October, 1872, while the decree was dated March, 1873, more than four days after the adjournment of the court. Upon this state of facts, this court held: "A bill of review will be sustained where the whole scope and object of the original bill was to charge certain defendants against whom no decree passed, and where it would be a great strain of language to construe the original bill as contemplating or warranting any such relief as was granted, separately, against another defendant, the only one decreed against, and the one who now brings the bill of review. While mere irregularities afford no ground for a bill of review, glaring defects, such as omitting a proper interlocutory judgment taking the bill pro confesso, and such as not signing up the final decree by the chancellor, but by the complainant's solicitor, will be regarded, in aid, at least, of a substantial ground like that mentioned above." From the recital of these facts it is apparent that the court had no jurisdiction

or authority under the pleadings to render the decree against Bennett. The decree might be said to be void. But it will be observed that Bennett did not except to the decree and allow his exceptions to be dismissed by this court. He tried two other remedies, illegality and a motion to set aside the decree, neither of which, it appears, was a proper remedy as the law stood at that time. The court rightly held that a bill of review was the proper and correct remedy under the facts of the case.

Counsel for plaintiffs in error also relied upon the case of *Anderson* v. *Green*, supra. In that case the plaintiffs in error filed a final bill of exceptions to the judgment of the court overruling their motion to correct the decree. It was dismissed here on the ground that it was prematurely brought, the motion for new trial being still pending in the court below. When the motion for new trial came on to be heard, the motion to reform and correct the decree was renewed, and was entertained and passed upon by the court; and this court ruled that movants were not estopped by the dismissal of their former bill of exceptions to except to the judgment of the court again overruling their motion to. reform and correct the decree. It does not appear that there was any objection made on this ground in the court below when the motion was renewed at the hearing of the motion for new trial, or that the trial judge put his judgment in overruling the motion upon that ground. This court treated it as an original motion, made at the hearing and excepted to in time. We therefore think that neither of the cases relied upon by counsel is analogous to the case now under consideration or should control this court in the decision of this case.

*Judgment affirmed.     Cross-bill of exceptions dismissed.     All the Justices concurring, except Fish, J., disqualified.*