## SMITH & COMPANY *v.* ROSS *et al.*

1. An exemplification from the minutes of a court of ordinary of an order purporting to have been granted in 1860 by that court, authorizing an administrator to sell lands, is admissible in evidence although such order does not purport to have been signed by the ordinary. It will be presumed, in the absence of proof to the contrary, that the minutes were duly signed by the ordinary; and it was not essential to the validity of the order that it should have been separately signed.

2. The charges complained of were not erroneous, but contained familiar principles of law which, in view of the evidence disclosed by the record, were applicable to the case on trial.

3. The evidence fully warranted the verdict, and there was no error in refusing to grant a new trial.

Submitted May 18, — Decided July 21, 1899.

Equitable petition. Before Judge Sweat. Clinch superior court. October term, 1898.

*R. G. Dickerson* and *S. C. Townsend*, for plaintiffs in error. *Toomer & Reynolds*, contra.

LITTLE, J. The motion for new trial complains that the court, over the objection of the defendants' counsel, admitted in evidence a certified copy of an order from the court of ordinary of Pulaski county, authorizing the administrator to sell the lands belonging to the estate of his intestate. The specific objection to the admission of this testimony was, that the certified

copy did not show that the order was ever signed by the ordinary of Pulaski county. The certified copy of the order objected to was headed: "Court of Ordinary, July Term, 1860." It set out an apparently regular and legal order authorizing the administrator to sell the wild and uncultivated lands of his intestate at private sale, in which order were the recitals of an application by him for that purpose and a publication in the "Pulaski News," etc. The certificate is as follows:

"Georgia, Pulaski County. I, P. T. McGriff, Ordinary in and for said county, do hereby certify that the above is a true and correct copy of the order authorizing P. F. D. Scarborough as administrator of the estate of R. N. Taylor to sell the land belonging to said estate at private sale, as is of record in this office. Given under my hand and seal of office this the 20th day of July, 1897.　　　　[Signed]　P. T. McGriff, N. P."

At the alleged date at which this order was made, the court of ordinary was a court of general jurisdiction as to testate and intestate estates (Cobb's Statutes and Forms, 684), and therefore had jurisdiction to pass the order, and, under the act of 1830, a certificate under the hand and seal of office of any public officer of this State, pertaining to their respective offices, is admissible in evidence in any court of this State. Cobb's Statutes, 116. By the provisions of section 4049 of the Civil Code it is required that the minutes of every court of record must be read, etc., and must be signed by the judge, judges, or justices thereof, but, if not signed, are valid, unless repudiated by the court. In the case of *Justices* v. *House*, 20 *Ga.* 328, this court held, that the law requiring minutes to be signed is directory, and, although not signed, they are to be considered valid until disapproved by the court. The ordinary certifies, under the seal of his court, that the order was taken from the records of his office; and by section 5167 of the Civil Code, copies of records are admitted as primary evidence, when properly authenticated. It was not necessary to the validity of this order that it should have been signed by the ordinary at the time it was made. It was sufficient if he made the order, and while the law requires the minutes to be signed, which signing, of course, refers to the matter preceding the signature, this is di-

rectory.   In the absence of other proof, the presumption is that the ordinary signed the minutes from which the certified copy of the order purports to be an extract.   The certificate, being in proper form and bearing the seal of the court of ordinary, was sufficient to carry the order to the jury as an order of the court of ordinary of Pulaski county.

Complaint is also made that the court charged the jury as follows :  "There has been offered and admitted in evidence in this connection, on the part of the defendants, the record of a deed purporting to have been made by some party to Josiah G. Mixon, under which it is claimed he held possession of these two lots of land in the manner prescribed by law as color of title."   The specific objection urged to this charge is that it was an unjust criticism of defendant's title, it being in evidence that he purchased the land from Greely, and that the charge tended to influence the jury.   We do not think this charge is susceptible of the construction given to it by plaintiff in error. It would perhaps have been more appropriate for the presiding judge to have referred to the deed as purporting to have been made to Mixon by Greely, but the use of the words "some party," in the place of naming the grantor of Mixon, should not work a reversal of the judgment in this case.   In the evidence of Mixon, the lessor of the plaintiffs in error, it appears that he did not know the person from whom he obtained the deed under which he claimed prescriptive title.  He said that he never saw Greely but once in his life ; that he would not swear it was Greely whom he saw; that was what he called himself; the only time he ever saw him was at the witness's house, and no one was with him ; he came to the house in the evening, spent the night, and left the next day sometime after breakfast ; he said he lived in Colquitt county.   "I bought the land there, and he went home, and I sent him the money and he sent me the deed."   We think, under this evidence, that the charge complained of does not call for the grant of a new trial.

The evidence fully warranted the verdict, and there was no error in refusing to grant a new trial.

*Judgment affirmed.   All the Justices concurring.*