TARVER *et al. v.* BARBER *et al.*

LUMPKIN, J.  1. Where an administratrix applied to the court of ordinary for leave to sell all the real estate of the intestate, lying in a certain county, and the order of the ordinary recited such petition and granted leave to sell all of the lands of the deceased in the county named, except the dower estate of the widow, and under this order the administratrix sold and conveyed the lands, in a subsequent attack upon the title claimed under the sale the order for sale was admissible, although, after the general grant of authority, it undertook to describe the lands of the deceased and did not do so accurately. *Clements* v. *Henderson,* 4 *Ga.* 148, 152 (48 Am. D. 216); *Davie* v. *McDaniel,* 47 *Ga.* 195; *Coggins* v. *Griswold,* 64 *Ga.* 323.

(*a*) Both sides claimed under the deceased, and neither attacked his title to the land in controversy, lying in the named county.

2. Although the ordinary may not sign an order granting an administrator leave to sell land, yet if it be entered on the minutes and they be signed by him, the order will not be held void for want of signature. *Smith* v. *Ross,* 108 *Ga.* 198 (33 S. E. 953).

3. Though some of the charges complained of may not have been perfectly accurate, there was nothing which required the grant of a new trial. The verdict was authorized by the evidence.

*Judgment affirmed.   All the Justices concur.*
AUGUST 19, 1912.

Equitable petition.   Before Judge Rawlings.   Screven superior court.   July 8, 1911.

*H. B. Strange, White & Lovett,* and *Brannen & Booth,* for plaintiffs.   *H. A. Boykin,* for defendants.