DAVIS *v.* HARDEN; *et vice versa.*

ATKINSON, J. 1. The case was tried at the May term of court. The next succeeding term convened on the 4th Monday in August. During the term at which the case was tried the plaintiff made a motion for new trial. The rule nisi issued by the judge was made returnable on the 23d day of September, 1913, in vacation. *Held,* that the judge had

power to cause the motion for new trial to be made returnable in vacation as well as in term time, and to hear and determine the motion at the time appointed. The statutes which confer this authority (Civil Code, §§ 5484, 4323) do not require that the hearing of the motion be made returnable within any specified time; nor does the statute which requires service of the motion and rule nisi upon the respondent (Civil Code, § 5475) require that he be served within any specified time before the date of the hearing. There was no error, as complained of in the cross-bill of exceptions, in refusing to dismiss the motion for new trial, under the facts already indicated, on the ground that the movant was in laches in not procuring an order setting the motion to be heard at an earlier date, or upon the ground that the judge was without authority to make the rule nisi returnable after the next succeeding term of court, or because the order failed to require service of the same before the next term. In this connection see *Herz* v. *Frank*, 104 *Ga.* 638 (30 S. E. 797); *McIntire* v. *Tyson*, 56 *Ga.* 468 (2); *Eady* v. *Atlantic Coast Line R. Co.*, 129 *Ga.* 363 (58 S. E. 895); *Clements* v. *Ledden*, 132 *Ga.* 430 (64 S. E. 460).

2. Counsel for the respondent made an entry of service upon the motion and order to show cause, granted by the judge, as follows: "Due and legal service of the within motion and order acknowledged, copy received, and all other and further service waived. This 4th day of September, 1913." *Held*, that this was sufficient to dispense with formal service; and there was no error in refusing to dismiss the motion for new trial on the ground that the acknowledgment came too late, or because a copy of the motion which was delivered to the respondent's counsel omitted to state in the caption the name of the respondent.

3. An order by the court of ordinary which recited that an administratrix had applied for leave to sell "the land of" her intestate, and which purported to grant authority to sell "the following described land of said deceased: twelve hundred acres, more or less, in said county of Tattnall, and in the 43rd and 41st Districts of said county," was admissible in evidence in a collateral proceeding, over the objection that it did not sufficiently describe the land sought to be sold. *Tarver* v. *Barber*, 138 *Ga.* 607 (75 S. E. 603), and citations.

4. A deed purporting to be executed by Elinor Lang, as administratrix of the estate of Nathaniel Lang, contained the caption: "State of Georgia, Tattnall County," and described the land to be conveyed thus: "Said lots and tracts of land originally granted to Samuel Kitchens and Nathaniel Lang; said tracts owned by said deceased at his demise; one tract containing four hundred fifty acres, and the other containing twenty acres, adjoining the lands of Lang on all sides, situate, lying, and being in the 43rd district G. M. of said county." The descriptive averments of the deed, especially those relating to the original grants to Samuel Kitchens and Nathaniel Lang, contained data from which the land intended to be conveyed could be definitely located. Under the maxim certum est quod certum reddi potest, the deed was not void on the ground that it failed to sufficiently describe the land. In this connection see *Parler* v. *Johnson*, 81 *Ga.* 254 (7 S. E. 317); *Johnson* v. *McKay*, 119 *Ga.* 196 (45 S. E. 992, 100 Am. St. R. 166); *Atlanta &*

*West Point R. Co.* v. *Atlanta, Birmingham & Atlantic R. Co.*, 125 *Ga.* 529 (54 S. E. 736).

5. Where, on the trial of an action of complaint for land, a deed of the character mentioned in the preceding note was tendered in evidence, and in connection therewith there was also introduced the order from ·the ordinary to sell, under which the sale was made, and aliunde evidence to the effect that one of the original grants designated in the deed embraced the land in controversy, it was not erroneous to admit the deed in evidence over the objections that (*a*) it did not sufficiently describe the land, (*b*) or embrace the land in controversy, and (*c*) was · not accompanied by a sufficient order from the court of ordinary.

6. Before the passage of the act of 1889 (Acts 1889, p. 106; Civil Code, § 3320), where there was a contest between two deeds whereby a person conveyed the same land to different persons, and neither deed was recorded within twelve months from the date of its execution, the older deed would prevail. Code of 1882, § 2705; *Martin* v. *Williams*, 27 *Ga.* 406; *Turner* v. *Tyson*, 49 *Ga.* 165; *Wadley Lumber Co.* v. *Lott*, 130 *Ga.* 135 (60 S. E. 836).

(*a*) In the matter of competition between such deeds, the rule is the same whether both deeds be executed by the same grantor or the older deed be executed by him and the junior deed be executed by the administratrix of his estate after his death. *Tucker* v. *Harris*, 13 *Ga.* 1 (58 Am. D. 488); *Rowe* v. *Henderson Naval Stores Co.*, 139 *Ga.* 318 (77 S. E. 17).

7. In this case the plaintiff and defendant claimed under competing deeds from a common propositus; the plaintiff's deed having been executed during the life of the person through whom they claimed, and the defendant's deed having been executed by the administratrix after his death. Both deeds were executed before the act of 1889, supra, and neither was recorded within one year after the date of its execution. Under these circumstances the older deed would prevail.

(*a*) The fact that the defendant's deed was filed for record within a year after its execution and actually recorded before the plaintiff's senior deed would not entitle it to a preference, it appearing not to have been actually recorded until after the expiration of a year from its execution.

(*b*) It was erroneous to instruct the jury on the basis that, by virtue of its being first filed for record and recorded, the junior deed could prevail over the older deed of the plaintiff.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 10, 1915.

Complaint. Before Judge Park. Toombs superior court. October 17, 1913.

*G. W. Lankford* and *Lankford & Moore,* for plaintiff.

*Way & Burkhalter,* for defendant.