HARDEN *v.* SUTTON.

HILL, J. 1. The order of the ordinary granting the administrator leave to sell the land of his intestate is the same which was construed by this court in *Davis* v. *Harden,* 143 *Ga.* 98 (84 S. E. 426), and, as there ruled, such order was admissible in evidence, in a collateral proceeding, over the objection that it did not sufficiently describe the land ordered to be sold.

2. The deed excluded by the court on the ground of insufficiency of description is the same as that construed by this court in *Davis* v. *Harden,* supra, and it was there held that the "descriptive averments of the deed, especially those relating to the original grants to Samuel Kitchens and Nathaniel Lang, contained data from which the land intended to be conveyed can be definitely located." In that case the grant to Samuel Kitchens was introduced in evidence and there was aliunde evidence to the effect that one of the original grants designated in the deed embraced the land in controversy; and under such proof it was held that it was not error to admit the deed over objection that it did not sufficiently describe the land. However, in the instant case the parol testimony of the plaintiff was to the effect that the land in controversy was embraced in neither grant; and the court accordingly did not err in rejecting the deed from evidence.

3. The deed was not admissible in evidence as color of title; for the rule is that the same certainty of description which is requisite to constitute an instrument a conveyance of title is required in an instrument which is relied on as color of title. *Luttrell* v. *Whitehead,* 121 *Ga.* 699 (49 S. E. 691); *Crawford* v. *Verner,* 122 *Ga.* 814 (50 S. E. 958).

4. An amendment alleging that one claiming to be the owner in fee of the land had sold it to the intestate and it was in his possession at the time of the sale and purchase of the land described in her deed as being part of the Kitchens and Lang grants, and that she sold the same to the plaintiff and put him in possession as a purchaser, was properly rejected on the ground that it affirmatively appeared that the land described in the deed by the administrator did not embrace the premises in dispute.

*Judgment affirmed. All the Justices concur.*

JULY 17, 1915.

Complaint for land. Before Judge Rawlings. Toombs superior court. May 26, 1914.

*Way & Burkhalter,* for plaintiff.

*G. W. Lankford* and *Hines & Jordan,* for defendant.