## WINN et al. v. WALKER.

GEORGE, J. 1. "A decree is the judgment of the judge in equitable proceedings upon the facts ascertained, and should be signed by him and entered on the minutes of the court." Codes, 1910, § 5424; 1895, § 4851; 1882, § 4212; 1873, § 4212; 1868, § 4153; 1863, § 4122. Generally, since the Code of 1863, it is requisite that a decree be entered upon a verdict in an equity cause, in order that the principle of res judicata may apply and operate as a bar to a future action for the same cause. See *Sloan* v. *Cooper*, 54 *Ga.* 486; *Simmons* v. *Shaffer*, 49 *Ga.* 242; *Bennett* v. *Brown*, 56 *Ga.* 216. On practice in equity cases before code, see *Munroe* v. *Dumas*, 42 *Ga.* 238. But where, in a suit in equity for the cancellation of a deed and the recovery of land, the verdict, returned in 1874, was adverse to the petitioners, and the possession of the defendant and of those who purchased of him for value has been consistent with the finding of the jury down to the 27th day of July, 1915 (the date of the commencement of the present action), and there is no suggestion that the verdict was ever set aside or modi-

fied or any objection by the petitioners on account of the failure of the judge to enter the decree, the verdict will stand in the place of a decree. *Carstarphen* v. *Holt*, 96 *Ga.* 703 (23 S. E. 904); *Webster* v. *Dundee Mortgage &c. Co.*, 93 *Ga.* 278 (20 S. E. 310); *Crosby* v. *Pittman*, 129 *Ga.* 573 (59 S. E. 279, 121 Am. St. R. 234); 23 Cyc. 1123. Especially is this so where the petition, the answer, and the verdict (which recited that it was the verdict and decree of the jury, and which, by its terms, specifically found and decreed title to be in a named person) were duly entered upon the minutes of the court. The minutes of the court are required to be signed by the trial judge; and the record in this case being silent, the presumption is that the judge complied with the law. *Smith* v. *Ross*, 108 *Ga.* 198 (33 S. E. 953); *Tarver* v. *Barber*, 138 *Ga.* 607 (75 S. E. 603).

2. The executors of an estate, in an action to recover the lands of the testator for the purpose of executing the will, represent the legatees under the will, remaindermen as well as life-tenants. *Wilkinson* v. *Tuggle*, 61 *Ga.* 381; *Dean* v. *Central Cotton Press Co.*, 64 *Ga.* 670, 675; *Barclay* v. *Kimsey*, 72 *Ga.* 725 (2-b) 738, 739.

3. Accordingly, the court did not err in overruling the demurrers to the plea of res judicata, or in directing a verdict for the defendant. It is unnecessary to consider the other defenses to the action, which may have influenced the direction of the verdict, since, in our view of the matter, the verdict in the equitable suit filed by the executors in behalf of the present plaintiffs in ejectment, for cancellation of the deed under which the defendant claims title, and for recovery of the land involved in the present action, was a final termination of the controversy. Civil Code, § 4336.

*Judgment affirmed. All the Justices concur.*

No. 135. NOVEMBER 16, 1917. REHEARING DENIED DECEMBER 14, 1917.

Ejectment. Before Judge Cox. Grady superior court. December 13, 1916.

*L. W. Rigsby* and *R. R. Terrell*, for plaintiffs.

*M. L. Ledford*, for defendant.