## WILLINGHAM *v.* WATSON *et al.*

As to the ruling upon the demurrer to the first count of the petition, the decision in this case is controlled by the decision in *Peck* v. *Watson,* ante. The second count fails to set forth a cause of action, because the allegations thereof are insufficient to show that the executors had assented to the devise of the land involved.

No. 6002. FEBRUARY 20, 1928. REHEARING DENIED MARCH 3, 1928.

Equitable petition. Before Judge Pomeroy. Fulton superior court. April 6, 1927.

*Willingham, Wright & Covington* and *Graham Wright,* for plaintiff in error.

*Linton C. Hopkins* and *Colquitt & Conyers,* contra.

RUSSELL, C. J. The plaintiff in error in this case is one of the defendants named in the petition of Mrs. Meta Atwood Watson, Mrs. Clara Atwood Black, and Constance Atwood, suing through Mrs. Sophie L. Atwood as her next friend, brought against Frank H. Peck and others, in which judgment was rendered upon demurrers in the superior court of Fulton County. The petition was brought in two counts: the first count based upon the theory that the law does not authorize an executor to institute proceedings to partition land of his testate; and the second count predicated upon the theory that, the executors of Mrs. Atwood having assented to the devise to the legatees, title passed to them, and for that reason also the executors were not empowered to exercise the right of partitioning the premises with the cotenant, Miss Geiger, and the judgment of partition heretofore granted for that purpose was void. As to the defendants other than Mrs. Willingham, the court overruled their demurrer to the first count, and sustained demurrers to the second count. Her demurrers to both counts were overruled. In that respect the case at bar differs

---

Executors and Administrators, 24 C. J. p. 133, n. 42.

from the case of *Peck* v. *Watson,* ante. However, there is no allegation in the petition which differentiates the case of the plaintiff in error in any respect whatever from that of her codefendants. The plaintiff in error in this case, both of her demurrers having been overruled, has properly excepted to both rulings. The judgment of the court in overruling the demurrer to the first count having been reversed by this court in *Peck* v. *Watson,* supra, the proposition that an executor is not authorized by law to maintain partition proceedings as to realty of his testate has been decided adversely to the contention of the defendant in error in the present case.

We are of the opinion that the plaintiff in error in this case was entitled as a matter of law to have her demurrers sustained. The plaintiffs' case as to the second count rested upon the theory that the executors could not apply for a partition, because they had assented to the devise made by Mrs. Atwood to her named children for life, with remainder to her grandchildren. Considering the allegations of the petition, these are insufficient to raise an implication of an assent on the part of the executors to the legacies devised by the will. In the first place, there are several legatees of the premises or block of land now under consideration, and there is no hint that any one of these legatees had any particular portion assigned to him or her by the executors or that there was any agreement between the legatees as to which portion of this undivided one-half interest in the land in which Miss Geiger was a cotenant should be the property of either one of them. It does not appear from the petition that any division was attempted, and from the very nature of the case there could not well be a division as long as Miss Geiger owned a half interest in the block in common with Mrs. Atwood in life, and with her legatees after her death. In the absence of any allegation in the petition as to this, and it not appearing that there were any improvements upon the lot or that any of the legatees were in possession of any portion thereof up to the time the executors applied for the partition, it must be assumed that there had been no assent to the devise of any of the legatees. As pointed out in the authorities cited in *Peck* v. *Watson,* supra, the executors hold title to the testate's realty subject to administration for the purpose of paying debts as well as for the purpose of division, and in the case of vacant

property they are entitled to and are presumed to have possession. Under the circumstances apparent from the petition, the assertion of the right to partition completely negatives the idea of an implied assent to the legacy, even if assent to a legacy can be implied in the absence of any overt act indicating such assent. The petition fails to allege any act on the part of the executors.

Section 3895 of the Civil Code (1910) provides, that, "All property, both real and personal, in this State, being assets to pay debts, no devise or legacy *passes the title* [italics ours] until the assent of the executor is given to such devise or legacy." If the title does not pass to the devisee or legatee until the executor has assented thereto, the title must be in the executor from the moment of the death of the testator until such assent is given. Title to the property must be vested in some one during the period of administration, and in case of a will it vests in the executor. Under the plain language of section 3895 it can not be in the devisee or legatee. Under wills quite similar to that in this case this court has held the title to realty to vest in the executors. *Bothwell* v. *Dobbs,* 59 *Ga.* 787; *Avery* v. *Sims,* 69 *Ga.* 314; *Chisolm* v. *Spullock,* 87 *Ga.* 665 (13 S. E. 571); *Lester* v. *Stephens,* 113 *Ga.* 495 (39 S. E. 109); *Harris* v. *Kittle,* 119 *Ga.* 29 (45 S. E. 729). This court has repeatedly held that an executor in an action to recover lands represents the remaindermen as well as the life-tenants (thus including title), and that they are bound by the judgment rendered. *Winn* v. *Walker,* 147 *Ga.* 427 (2) (94 S. E. 468), and cit.; *Gunn* v. *James,* 120 *Ga.* 482 (48 S. E. 148). If, as pointed out in *Peck* v. *Watson,* supra, recovery of land may in some instances be effected as well by partition as in other cases by direct actions, and the division of land by cotenants is in reality a recovery of specific property and a necessary step in the process of administration upon the lands, then it must be that title is in the executors; and in a case like the present, where under the will the burden of a division is placed upon the executors, an assent to legacies in specific land, the size and location of which has never been determined, can not be presumed merely because the executors did not proceed speedily to maintain their very proper proceeding for partition. It has frequently been held that in order for a legatee or devisee to recover the legacy he must allege the assent of the executor. *Maneely* v. *Steele,* 147 *Ga.* 399 (94 S. E. 227), and

cit. In the petition in the present case there is no express allegation that the executors did assent. Under the authority above cited, the omission of this essential allegation is fatal to the right of the plaintiffs in this case to recover under the second count. This brings us back to the proposition that the executors had the right to partition, as already held in *Peck* v. *Watson,* supra; and there having been no exception to the judgment of partition, no further question in this case is of any practical interest and really is purely academic in character.

We are of the opinion that the court erred in overruling the demurrers filed by the plaintiff in error, and these judgments are accordingly　　　　　　　　*Reversed. All the Justices concur.*