**FLOURNOY et al. v. UNITED STATES.**

No. 9374.

Circuit Court of Appeals, Fifth Circuit.

Nov. 5, 1940.

Albert E. Mayer, of Atlanta, Ga., and Jos. W. Popper, of Macon, Ga., for appellants.

Lawrence S. Apsey, Atty., Department of Justice, of Washington, D. C., H. G. Rawls, Asst. U. S. Atty., of Macon, Ga., and Erwin Sibley, Sp. Atty., Dept. of Justice, of Milledgeville, Ga., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On July 8, 1938, the United States of America filed its petition to condemn several tracts of land in Putnam County, Georgia, for use in connection with a project of the Department of Agriculture. This appeal involves three parcels of land containing 224.09 acres and designated as Tract No. 73 in the condemnation petition. Among those named as defendants to the condemnation proceeding were Corine B. Ezell, individually and as administratrix of P. P. Ezell; Bessie Butler, executrix of B. W. Hunt; and Eliza Flournoy and her children.

Eliza Flournoy and her children filed an answer and petition of intervention which was later amended. The government's right to condemn Tract No. 73 was not disputed and the sole contested issue was the question of who had title to the property. When the cause came on to be heard, the court ruled that the claim and intervention was insufficient in law to show valid title to any of the property, and a verdict on the pleadings was directed against the Flournoys and in favor of the other claimants. From the judgment entered on the directed verdict Eliza Flournoy and her children have appealed.

The United States of America, although named appellee, took the position that it should not side with any party claiming title and declined to appear and defend the appeal. The attorney for other claimants was served with notice of the points relied upon by the appellants, but no appearance was made in their behalf. The appeal is before us on the record and unopposed brief of the appellants.

By their answer and intervention as amended the Flournoys claim title to Parcel 2 of Tract No. 73 upon the ground that on February 24, 1906, Jeff Flournoy, now deceased, deeded the said parcel to his wife, Eliza Flournoy, as trustee for herself and their seven children. The deed appears as an exhibit to the answer and describes the property as, "All the land owned at this time, 73 acres, of land in the County of Putnam bought of Miss Fannie Lee Leverette, reference is hereby made to the records of deeds, Book D page 311, in the Office of the Clerk of the Superior Court, etc." The appellants also claim that they went into possession of Parcel 2 in January, 1906, and that since that time, and for more than twenty years, they have been in open, continuous, uninterrupted, and adverse possession of the premises. By virtue of this fact they claim title by adverse possession under Sections 85-403, 85-406 of the Georgia Code of 1933.

The description of the property in the deed from Jeff Flournoy to his wife and children may not be as complete as it ought to be, but on a full hearing the appellants may be able to furnish evidence to complete the description. In Georgia a deed to land will not be declared void for uncertainty of description if the descriptive recitals furnish the key to the identification of the land intended to be conveyed by the grantor. The maxim, id certum est quod certum reddi potest, applies. Swint v. Swint, 147 Ga. 467, 468, 94 S.E. 571; Davis v. Harden, 143 Ga. 98, 84 S.E. 426; Crawford v. Verner, 122 Ga. 814, 50 S.E. 958. It may be that on a full hearing the appellants can introduce parol evidence to complete the description so as to make the deed a good conveyance of Parcel 2, or good as color of title so as to meet the requirements of Georgia Code, Section 85-407 which provides that adverse possession "under written evidence of title, for seven years, shall give a like title by prescription." See: Atlanta & West Point Railway v. Atlanta, B. & A. Railroad Company, 125 Ga. 529, 540, 54 S.E. 736; Price v. Gross, 148 Ga. 137, 96 S.E. 4; Luttrell et al. v. Whitehead, 121 Ga. 699, 49 S.E. 691; Pitts v. Whitehead, 121 Ga. 704, 49 S.E. 693.

The appellants claim title to Parcels 1 and 3 as heirs at law of Jeff Flournoy. They allege in their claim and intervention as amended that Parcels 1 and 3 belonged to Jeff Flournoy at the time of his death in 1923, and that since his death they have been in open, notorious, and exclusive possession of these parcels, claiming them at all times as his heirs at law. Other claimants claim through an administrator's deed, but appellants allege that they had no notice of application by the administrator for an order to sell the lands. They rely upon Georgia Code, Section 113-1714 and Georgia cases which provide that an administrator may not sell property held adversely to the estate by a third person, "he shall first recover possession." Deeds by an administrator which are given while land is in the adverse possession of a third party, or without notice, "are void and convey no title." Porter v. LaGrange Banking & Trust Co., 187 Ga. 528, 1 S.E.2d 441, 442; Davitte v. Southern Railway Company et al., 108 Ga. 665, 34 S.E. 327; Park v. Mullins, 124 Ga. 1072, 53 S.E. 568.

The court made no findings and gave no reasons for direction of a verdict against the appellants. In the light of the record, which contains only the pleadings of the parties and orders of the court, we are of opinion that the answer and intervention as amended raised an issue of title which should have been determined after a full hearing. For this reason the judgment is reversed and the cause remanded for a trial on the merits.

Reversed and remanded.

HOLMES, Circuit Judge, concurs in the result.