## NEEL, receiver, *et al. vs.* MORRIS.

Equity has jurisdiction over matters of account growing out of privity of contract or where the account is between partners or tenants in common, and in cases of joint or several liability of two or more persons, where all are equally bound to bear the common burden, and one has paid more than his share and is entitled to his contribution from the other, especially when the circumstances are such that an action at law will not give a complete remedy.

(*a.*) Questions of difficulty arise in this case which cannot be so well considered and determined on the preliminary hearing of an application for injunction as on the final hearing before the court and jury. Among these is, whether, while the parties may have been partners as to third persons, they were so as between themselves, or whether the contract is one of agency, or whether contribution between partners can be enforced by levy of an execution, which has been paid off by one of the partners, upon the property of another; and the judge did not abuse his discretion in granting an injunction.

September 9, 1884.

Equity. Partners. Contribution. Debtor and Creditor. Before Judge BROWN. Cobb County. At Chambers. May 16, 1884.

W. H. Huguley sued Morris & Tumlin as partners. Tumlin pleaded *nul tiel* partnership. The facts will be found fully reported in 65 *Ga.*, 666, where it was held that Tumlin was a partner, or else the principal and Morris the agent, and that Tumlin was liable to the plaintiff. After recovery by the plaintiff, Tumlin having died and his estate having been placed in the hands of a receiver, the latter paid off the *fi. fa.* and caused it to be levied on certain property of Morris, for contribution. Morris filed his bill to enjoin the levy, denying his liability to

contribute. The court granted an injunction, and the receiver excepted.

GRAHAM & GRAHAM; WILL. J. WINN, for plaintiff in error.

D. & T. B. IRWIN; W. P. McCLATCHY, for defendant.

HALL, Justice.

An execution obtained against Tumlin & Morris, jointly, was paid off by Tumlin and levied by him upon Morris's property for contribution. The relation these parties bore to each other was that of partners, or principal and agent, Tumlin being principal and Morris agent. 65 *Ga.*, 666. This bill was brought to arrest the levy by injunction, which was ordered by the chancellor, and upon this order error is assigned, and this writ of error is prosecuted to reverse it. It is undeniably true that equity has jurisdiction over matters of account growing out of privity of contract, or where the account is between partners or tenants in common (Code, §3130), as also in cases of joint, or joint and several, or several liabilities of two or more persons, where all are equally bound to bear the common burden, and one has paid more than his share and is entitled to his contribution from the others, especially when the circumstances are such that an action at law will not give a complete remedy. *Ib.*, §3132.

Questions of difficulty arise in this case in which the parties, if not agreed as to the facts themselves, are directly at issue as to the consequences resulting therefrom, and which cannot be so well considered and determined on this preliminary investigation as upon the final hearing before the court and jury. Among these is the question whether, while this may be a partnership as to third persons, it is one between the parties themselves, or whether the conract between them is not one of agency, and whether contribution between partners can be enforced by the

levy of an execution which has been paid off by one of the partners upon the property of another. The Code, §3599, provides that when judgments have been obtained against several persons, and one or more of them has paid more than his just proportion of the same, he or they may, by having such payment entered on the *fi. fa.* issued to enforce the judgment, have full power to control and use the same as securities in *fi. fa.* control the same against principal or co-securities, and shall not be compelled, as formerly, to sue the co-debtors for the excess of payment on such judgment.

We are not satisfied that this enactment embraces the case of an execution or judgment against co-partners. Some of us are strongly inclined to the opinion that it does not, while one of us is in doubt upon the question. It was not made a question in the lower court, and was not passed upon by the judge, and as it has not been argued to any extent here, we will not now pass upon it. If, as suggested, the pleadings are insufficient to enable the court to pass upon the equities existing between the parties, they can be amended so as to accomplish that purpose and put an end to this litigation. The judge did not abuse his discretion in awarding this injunction. Our opinion is that his action in this behalf was judicious and proper.

Judgment affirmed.