## BENNETT *v.* SMITH.

When, after the dissolution of a mercantile firm by agreement, certain of the assets were placed in the hands of each of the two persons composing the firm, for the purpose of winding up the affairs of the partnership, and they disagreed as to the values of certain specifics, and mutual charges of a violation of the agreement, and mismanagement of the assets controlled by each, were made, it was not error, on the application of one of the partners, to appoint a receiver to take charge of the assets of the partnership, and to dispose of the same under the direction of the court, for the purpose of adjusting the rights of both partners; and this is true though no insolvency was alleged or proved.

Submitted June 10, — Decided July 25, 1899.

Injunction and receiver.    Before Judge Russell.    Gwinnett county.    February 4, 1899.

*R. W. Peeples*, for plaintiff in error.    *T. M. Peeples*, contra.

LITTLE, J.    Smith filed an equitable petition, alleging that in January, 1898, petitioner and Bennett entered into a copartnership for the purpose of carrying on a mercantile business. Under the terms of the agreement, the business was to be conducted by Smith, who was to pay one third of the expenses, and Bennett was to pay two thirds of the same, and they were to share the profits of the business equally.    The partnership commenced business immediately after their contract, and during the year 1898 they sold goods to a considerable amount, and made a reasonable profit therefrom.    The partners agreed to a dissolution on the 1st day of January, 1899, and an inventory of the goods on hand, together with solvent notes and

accounts, made a considerable sum. It was agreed that Smith should have control of the books and the notes and accounts due the firm, for the purpose of collecting the same and winding up the business. The stock of goods was left in the hands of Bennett pending final settlement of the partnership business, as was also the cash on hand. Smith relied on Bennett to make a fair and honest division of the partnership assets, and Bennett now claims that the stock of goods were not worth the amount agreed on at the time of the invoice. Smith, who was to collect the notes and accounts, left a greater part of the same in the safe under the control of Bennett, who is proceeding to collect the notes and accounts due the firm, refuses to pay to petitioner the part of the cash on hand which is due him, and refuses to allow him to take control of his share of the business, goods, notes and accounts of the partnership. The amount in the hands of Bennett is in excess of what would be justly due him on a final settlement, and he is proceeding to sell the stock of goods at retail without consulting Smith in reference thereto. Smith has asked Bennett to come to an account and settlement with him, and pay him his pro rata share of the profits of the business; but Bennett refuses to do so. Smith prays for an injunction restraining Bennett from further disposing of the partnership assets, and for the appointment of a receiver to take charge of the assets of the late firm, subject to the order of the court. Bennett answered the petition. He admits the partnership, denies that petitioner paid in the amount agreed under their contract, admits that the dissolution was agreed to, denies the allegations of the petition in reference to the amount of the inventory, the cash on hand, and the fact that there were solvent notes and accounts due the firm of the amount alleged in the petition, denies insolvency and other allegations in the petition, and avers a willingness to settle with petitioner when the latter carries out his part of the contract assumed on the dissolution of the firm. Affidavits sustaining the contentions of each of the parties were in evidence. On the hearing, the judge appointed a receiver of the assets of the firm, and enjoined each party from interfering with such assets. To the order appointing the receiver and granting the injunction Ben-

nett excepted. It is contended by counsel for plaintiff in error that the order appointing the receiver and granting the injunction was contrary to law, because it was not shown that the plaintiff in error was insolvent, and because no fraud of any kind was alleged or proved.

As a general rule, one partner is as much entitled to possession of the assets of the firm as the other. If by agreement, on dissolution, possession of any part of the assets is to be retained by one party for the purpose of winding up the business of the firm, the utmost good faith is required ; and if either fails to observe such faith as to the other, because of the interest which one has in the assets under the control of the other, equity alone can afford full relief. In the petition before us it is alleged that the agreement under which at the dissolution the different classes of assets were placed in the hands of the two partners for the purpose of converting them into cash for the benefit of both is not being observed, and, while this is denied, the evidence for the petitioner affords some foundation, at least, for his contention. By the Civil Code, § 3989, equity jurisdiction extends over accounts between partners. And High in his treatise on the Law of Receivers, citing 9 Iowa, 209; 75 Va. 442, declares that the appointment of receivers in actions between partners for an accounting and the settlement of their partnership affairs, to take charge of the assets, collect the debts, and wind up the business of the firm, is a legitimate exercise of the jurisdiction of courts of equity. To warrant such appointment there must have been some breach of duty by one of the partners, or a violation of the articles of copartnership. 44 Miss. 202. It may here be observed, that while courts of equity have power under certain circumstances to appoint receivers where the partnership is still subsisting, the exercise of that power will not be had unless for special ground shown, and it is clear that a judgment for dissolution must ultimately be given. See cases cited in Beach on Receivers, 102, note 5. But where the partnership has already been dissolved, the appointment of a receiver will readily be made. 18 Veasey, 281; 4 Beavan, 503; Beach on Receivers, § 94. See also *Neel* v. *Morris*, 73 *Ga.* 406, and *Taylor* v. *Bliley*, 86

*Ga.* 154. The contention of the plaintiff in error, that the receiver should not have been appointed because neither the insolvency of the defendant was shown nor were any allegations of fraud made, is not sound. The appointment of a receiver on the application of one of the late partners is based on the fact that all of the parties are equally entitled to the possession of the property which is the subject-matter of the controversy, and that it is not just and proper, from the nature of the dispute and mutual relations of the parties, that either should be allowed to retain possession and control during the litigation. 20 Am. & Eng. Enc. L. 43. And while the foundation of the remedy is, of course, the danger, yet it is not always essential that there should be any element of actual fraud or breach of trust to authorize the appointment. 3 Pomeroy's Eq. Jur. § 1333. It is not to be understood that a receiver is to be appointed in all cases where an accounting of partnership affairs is sought, because such an inflexible rule would frequently work hardship and injustice. And though, as stated, after dissolution, for the purpose of account and settlement the appointment will readily be made, it, after all, remains in the sound discretion of the judge hearing the application whether the facts proved authorize the appointment. Under the facts shown in this case, it can not be said that the judge erred in placing the assets of the partnership in the hands of a receiver.

*Judgment affirmed. All the Justices concurring.*