## STONE v. RISNER.

FISH, J. Where the issues in an equitable proceeding for injunction, etc., were referred to an auditor, and at the hearing before him counsel for the respective parties entered into an agreement whereby all issues were eliminated, save one of fact, and evidence upon this question alone was submitted to the auditor, this did not change the character of the case or render it a common-law action, so as to require the judge of the superior court to approve and submit to a jury an exception of fact filed to the auditor's report. On the contrary, it was his duty to deal with the case as a proceeding in equity; and it was, therefore, in his discretion to overrule such exception, confirm the report and enter a decree in accordance therewith. In such a case, this court will not interfere with the exercise of such discretion, where there was sufficient evidence to support the auditor's finding. See *City Bank of Macon* v. *Crossland*, 65 Ga. 734 (2); *Hearn* v. *Laird*, 103 Ga. 271.

*Judgment affirmed. All the Justices concurring.*

Argued March 12,—Decided April 6, 1900.

Exceptions to auditor's report. Before Judge Reese. Hart superior court. March term, 1899.

*J. N. Worley, O. C. Brown*, and *J. H. Skelton*, for plaintiff in error. *W. L. Hodges* and *A. G. McCurry*, contra.

---

## BROWN v. HOLLAND.

LITTLE, J. Under the allegations and proof submitted in this case, the judge of the superior court did not abuse the discretion with which he is invested in granting an injunction and appointing a receiver. *Tufts* v. *Little*, 56 Ga. 139.   *Judgment affirmed. All the Justices concurring.*

Submitted March 14,—Decided April 5, 1900.

Injunction, etc. Before Judge Russell. Gwinnett county. June 30, 1899.

*Oscar Brown* and *Juhan & McDonald*, for plaintiff in error. *N. L. Hutchins Jr.*, contra.