CRANSTON *et al. v.* BANK OF THE STATE OF GEORGIA.

1. When, in an equity case, an auditor's findings of fact are warranted by evidence, the Supreme Court will not overrule a refusal of the superior court to approve exceptions of fact to such report and submit the same to a jury.
2. Mere knowledge of the fact that the promoters of a corporation organized for the purpose of purchasing and dealing in land had sold property to the corporation at a price exceeding that which they paid for it was not, of itself, sufficient to put a third person on notice that the promoters had fraudulently represented to the stockholders of the corporation that it was obtaining the property at what the same had cost the promoters.
3. The evidence in the present case, viewed not only with reference to the fact referred to in the preceding note but also as to all other facts bearing upon the question of notice which it could be fairly said to have established, did not require a finding that the defendant in error was not an innocent purchaser of the notes executed by the corporation. On the contrary, the auditor's finding that it was an innocent purchaser was well supported.

Argued January 3, — Decided January 25, 1901.

Exceptions to auditor's report. Before Judge Lumpkin. Fulton superior court. January 8, 1900.

*A. H. Davis*, for plaintiffs.
*John L. Hopkins & Sons*, for defendant.

LUMPKIN, P. J.   The facts of this case are numerous and complicated.   A full statement of them is not essential.   The following sufficiently sets forth all that is material to an understanding of the rulings announced in the headnotes: It appears from the record that Collins and others purchased a tract of land near Atlanta, containing about 86 acres, from Mrs. Bartlett for $12,900, paying one third of the purchase-money and taking from her a bond to make a title to them upon the payment of the balance.   At their suggestion a corporation known as the Westminster Land Company, composed of the plaintiffs and others, was formed to purchase this land with a view to dividing it into lots and selling the same on speculation.   Collins and his associates falsely and fraudulently represented to the subscribers for the stock of this company that they were obtaining the land at the price for which the promoters had purchased it.   In the belief that this was so, and upon the assurance that they were " getting in on the ground floor," the plaintiffs signed subscriptions to the stock.   In point of fact, the promotors were " unloading" the land upon the company at the price of $36,800.   Each of the plaintiffs paid down one third of the amount of his subscription, and for the remaining two thirds executed and delivered to Collins and his associates promissory notes due, respectively, one and two years after date.   Collins undertook to sell these notes to the Bank of the State of Georgia, and after some negotiations with F. M. Coker Sr., the president of the bank, Collins procured from the Land Company two notes, covering the balance of the $36,800 remaining due for the land after the making of the cash payments by the stockholders, and subsequently sold the two large notes to the Bank, at the same time depositing therewith as collateral security the notes of the stockholders above mentioned.   Before the Bank advanced to Collins the price agreed upon for the Land Company's notes, Mrs. Bartlett had conveyed the land to Collins and his associates, who, in turn, conveyed the same to the Bank as further security for the payment of the company's notes.   These deeds were promptly recorded, and the Bank executed a bond conditioned to make a title to the company upon the payment of its notes.   After these transactions years elapsed, during the progress of which the Bank made divers collections upon

the notes of the stockholders, some of whom paid the same voluntarily. Against others the Bank obtained judgments. It also obtained a judgment against the company upon its notes, and was proceeding to have the land sold thereunder when the petition now before us, in which the Bank, Collins, and others were named as defendants, was filed. In this petition the facts above set forth were, in substance, alleged, and it was therein charged that the Bank purchased the notes from Collins with full knowledge of the fraud which he and his associates had perpetrated upon the plaintiffs, and had participated in the scheme devised by the promoters for defrauding the plaintiffs and other stockholders. One of the prayers of the petition was that an injunction be granted to prevent the sheriff's sale. The injunction was denied, and upon a bill of exceptions alleging error as to this matter the case was brought to the October term, 1895, of this court, and the judgment excepted to was affirmed. See 97 *Ga.* 406. The remaining prayers of the petition sought an accounting from the Bank and the other defendants, upon the theory that all of them had entered into the fraudulent conspiracy above indicated. The Bank filed an answer denying all knowledge of or participation in the fraud which had been practiced by Collins and his associates, and set up the defense that it in good faith purchased the notes for value in the due course of its business. The case was referred to an auditor, who made a report sustaining the Bank's contentions and discharging it from liability to the plaintiffs. To this report they filed numerous exceptions, some of which were designated exceptions of law and others exceptions of fact. All were, however, really exceptions of the latter character. The court overruled these exceptions and rendered a judgment in favor of the Bank. To this action the plaintiffs excepted, and the case is here again.

Undoubtedly the Bank, before purchasing the notes, must have known that Collins and his associates had bargained the land to the company for nearly three times the price at which it had been sold to them by Mrs. Bartlett. The Bank also knew that she had not conveyed the land to the company, but directly to the promoters. We are confident, however, that mere knowledge of these facts was not sufficient to constrain a finding by the auditor that the Bank was not an innocent purchaser of the notes, in the face of Coker's positive and uncontroverted testimony directly supporting every material allegation of the Bank's answer. To say the least of it,

the auditor's conclusion was apparently sustained by the weight of the testimony. We can not accept as sound the contention of counsel for the plaintiffs in error, so earnestly presented in the argument here, that the knowledge had by the Bank before taking the notes demanded a finding that it was not an innocent purchaser. Viewed in its strongest light for the plaintiffs in error, the case is simply one in which the trial court refused to allow a jury to review the findings of an auditor which were fully supported by the evidence. The rule is well settled that in equity cases this court will not interfere with the discretion of a trial judge in overruling exceptions of fact to an auditor's report, unless it appears there has been a manifest abuse of such discretion. See *Hearn* v. *Laird*, 103 *Ga.* 271, citing previous adjudications; *Bemis* v. *Armour Packing Co.*, 105 *Ga.* 293; *Brown* v. *Georgia Mining Co.*, 106 *Ga.* 516; *Davidson* v. *Story*, Id. 799; *Lamar* v. *Allen*, 108 *Ga.* 158; *Torras* v. *Raeburn*, Id. 345; *Stone* v. *Risner*, 111 *Ga.* 809.

*Judgment affirmed. All the Justices concurring.*