RODGERS *et al. v.* STERN & COMPANY *et al.*

1. An equitable petition praying for judgments in favor of the plaintiffs against the principal defendant, for the cancellation of a bill of sale alleged to be fraudulent, and showing by its allegations that, on account of mortgages, attachments, and conflicting claims, the maintenance of such petition will prevent a multiplicity of suits, is good and will entitle the plaintiffs to appropriate relief, although such petition may contain some allegations suitable to a proceeding instituted under section 2716 of the Civil Code, and although the petitioners do not represent one third of the unsecured indebtedness of the main defendant.

2. Under the ruling in the case of *Torras* v. *Raeburn*, 108 *Ga.* 345, this court will not consider complaints of rulings of an auditor in rejecting evidence when the evidence rejected is not set forth, either literally or in substance, in the exceptions filed to the auditor's report.

3. The evidence authorized the finding of the auditor.

Argued January 7,—Decided January 25, 1901.

Exceptions to auditor's report. Before Judge Lumpkin. Fulton superior court. April 5, 1900.

*W. W. Haden* and *H. M. Patty,* for plaintiffs in error.

*Smith, Hammond & Smith, J. D. Humphries, Slaton & Phillips, T. L. Bishop, W. R. Brown,* and *N. L. Hutchins, Jr.,* contra.

SIMMONS, C. J.    Stern & Company and two other mercantile companies filed an equitable petition in which they alleged that Mrs. C. C. Rodgers was indebted to them in certain amounts, that the debts were due, that payment had been demanded and refused. They also alleged that they represented "more than one third of the unsecured creditors." They further alleged that Mrs. Rodgers had made a bill of sale to her two stepsons, which was without consideration, made for the purpose of delaying and hindering creditors, and void as against them. They prayed personal judgment against her on each of their claims, and that the bill of sale be declared a nullity and ordered canceled. They also alleged that a number of creditors had secured mortgages on the stock of goods of defendant's store in the city of Atlanta, Fulton county, Georgia, and had also had attachments issued and levied upon the stock of goods in the other store of defendant, which was in Gwinnett county, Georgia; that the alleged fraudulent bill of sale purported to convey this Gwinnett county stock of goods; that on account of the foreclosure of the mortgages, the levy of the attachments, and the conflict-

ing claims of the various creditors, equity should intervene to prevent a multiplicity of suits and that the property might be sold to the greatest advantage. They prayed for an injunction and the appointment of a receiver. The judge granted an injunction and appointed a receiver. James Rodgers, the husband of the defendant, the two grantees in the bill of sale, and the creditors who held mortgages, were all made parties defendant. A guardian ad litem was appointed to represent the grantees in the bill of sale, both of them being minors. Answers and cross-bills were filed, and the case was referred to an auditor. On the hearing before the auditor it appeared that the original petitioners did not represent one third of the unsecured indebtedness; whereupon the defendants moved the auditor to dismiss the case. He overruled the motion, and they excepted to this ruling. On the hearing of the exceptions before the judge of the superior court, he sustained the ruling of the auditor in refusing to dismiss the case, and the defendants excepted.

1. We think that there was no error in the ruling complained of. While the petition contained several allegations which are required in proceedings under section 2716 of the Civil Code, there were other allegations which would give equity jurisdiction independently of that section. The petition alleged that Mrs. Rodgers owed the petitioners certain amounts of money, that she had made a fraudulent bill of sale to her stepsons and mortgages to various creditors, and that, on account of these things and the various attachments which had been levied and the conflicting claims of creditors, the intervention of a court of equity was necessary in order to prevent a multiplicity of suits. If this suit could be regarded as simply a proceeding under the traders' act (Civil Code, § 2716), it should have been dismissed, for there was no allegation that Mrs. Rodgers was a trader, and the evidence failed to show that the plaintiffs represented one third of her unsecured indebtedness. But the suit can not be regarded as merely a proceeding under that act, because, as above stated, the petition contained other allegations which, under our uniform procedure act, authorized the intervention of a court of equity. The petition prayed for judgment on the law side of the court, and on the equity side for the annulment of a fraudulent bill of sale. This feature of such a bill was fully discussed in *DeLacy* v. *Hurst*, 83 *Ga.* 223, and it is needless to elaborate here the reasoning of that case. We have closely examined

the record in the present case, and it does not appear that any exception was taken to the appointment of the receiver or the granting of the injunction. We therefore do not pass upon the propriety of the judge's action in these matters. See, however, upon this point, the case of *Stillwell* v. *Savannah Grocery Co.*, 88 *Ga.* 100.

2. On the hearing before the auditor, certain evidence offered by the defendants was rejected. To the rulings of the auditor rejecting this evidence the defendants filed several exceptions. We think that the exceptions were not in proper shape. Thus: "The auditor erred in sustaining the objections of plaintiffs to the 7, 8, 9, 10, 11, 12, 13, 14, and 15th direct interrogatories to Mrs. C. C. Rodgers, and answers thereto, because" (and here followed reasons why the evidence was admissible). Again: "The auditor erred in rejecting the questions and answers in J. Hodge McLean's evidence, because [giving reasons] the evidence should have been admitted." The exception to the rejection of the rest of the evidence excluded was in form like the first of the two exceptions just copied. This court has often ruled that it can not consider such exceptions,—exceptions which would, in the present case, necessitate our trying to find in a record of nearly 150 typewritten pages the exact evidence to which the exceptions are intended to refer. *Torras* v. *Raeburn*, 108 *Ga.* 345, and cases there cited.

3. The only exceptions remaining to be considered are exceptions of fact. We have read the evidence as reported in the record, and find that it fully authorized the finding of the auditor. The trial judge, therefore, committed no error in overruling these exceptions of fact.

*Judgment affirmed. All the Justices concurring.*