## FOWLER *v.* DAVIS.

1. While the report of the auditor was concise and brief, it appears to embrace findings upon all of the material issues made by the pleadings; and it has not been made to appear that there was any error in refusing to recommit the report on the ground that the same was too indefinite and did not cover the issues involved.

2. When error is assigned upon the refusal of a judge to approve an exception of fact to an auditor's report in an equity case, the burden is upon the plaintiff in error to show, to the satisfaction of the Supreme Court, that the finding of the auditor is unsupported by evidence, the presumption being that the finding is correct; and where it does not distinctly appear that the finding is unsupported, the judgment of the trial judge refusing to approve the exception of fact will be affirmed.

3. Whether a petition sets forth an equitable or a legal cause of action depends upon the relief prayed for; and a petition which prays for a dissolution of a partnership, an accounting, and an injunction certainly makes an equity case.

4. No sufficient reason has been shown for reversing the judgment.

Argued May 23,— Decided June 10, 1904.

Exceptions to auditor's report.    Before Judge Gober.    Pickens superior court.  April 30, 1904.

*N. A. Morris* and *W. T. Day*, for plaintiff.
, *John W. Henley*, for defendant.

COBB, J.    Fowler brought a petition against Davis, in which he alleged that they had entered into a partnership for the purpose of buying and selling live stock, and that the partnership was subsequently extended to a livery-stable business and to the buying and selling of tan bark.    The terms of the agreement between the parties in reference to what was alleged to be the original partnership are set forth.    It is alleged that upon a fair accounting the defendant would be indebted to the plaintiff on matters connected with the partnership enterprise.    It is also alleged that the plaintiff is indebted to the defendant on different matters, but that after these are all deducted, the defendant would still be indebted to the plaintiff.    The prayers of the petition were, that a dissolution of the partnership be decreed; that the defendant be enjoined from suing the plaintiff upon any demand he might have against him; that there be a general accounting of all matters of controversy between them; and that the plaintiff have judgment against the defendant for the amount which might be shown to be due after such an accounting.    The defendant's answer set forth his version of the arrangement between himself and the plaintiff in reference to the purchase and sale of live stock, which differed in some particulars from plaintiff's version, and distinctly denied that this arrangement constituted them partners.    It was denied that this arrangement had ever been extended to include either a livery-stable or a tan-bark business, though it was admitted that there

were some transactions between the parties in reference to tan-bark. It was alleged that upon a fair accounting of all the matters above referred to the defendant would not be indebted to the plaintiff in any amount, but that plaintiff was indebted to defendant stated sums upon notes and accounts; and judgment was prayed against the plaintiff for the amounts due. The case was referred to an auditor, who made a report which was in effect a finding that the arrangement between the parties was as contended by the defendant; that there was no partnership; that upon an accounting between the parties, growing out of the transactions, the defendant was not indebted to the plaintiff anything; that the plaintiff was indebted to the defendant the amounts claimed on the notes referred to in the answer, and a given amount on the accounts, but less than that claimed in the answer; and that defendant was entitled to a judgment for these amounts against the plaintiff. The plaintiff filed a motion to recommit the case to the auditor, and also filed exceptions to the report. The court over-ruled the motion to recommit, as well as the exceptions of law, refused to approve the exceptions of fact, and directed a decree to be entered in accordance with the auditor's report, which was done. To these different rulings the plaintiff excepted.

The evidence before the auditor was voluminous, and the brief filed with his report was a very extensive document. The report itself embraced less than a page of legal cap written with a pen. It contains ten distinct findings, which are not classified by the auditor, but all of them may be properly denominated exceptions of fact, unless the first, which is simply a finding "that there was no partnership," be construed as in the nature of a finding on the question of law involved. The plaintiff filed both an exception of law and an exception of fact to the finding just referred to. The first nine findings of the auditor constitute in effect a finding by him that the version of the defendant in reference to the transaction between the parties was correct, and that upon an accounting based on this version the defendant is not indebted to the plaintiff in any amount. In other words, these findings are in effect a finding against the plaintiff on the cause of action alleged in the petition. The tenth finding sets forth that the plaintiff is indebted to the defendant a given amount on notes and a given amount on account. This is a finding in favor of the defendant on the prayer of

his cross-petition. The report is very concise and pointed; and while it does not set forth the calculations by which the auditor reached the results stated in his findings, and there is no distinct finding of the different amounts which went to make up the aggregate result, still the report seems to cover all of the material issues made by the pleadings; and we can not say that there was any error in the refusal of the judge to recommit the case to the auditor. See.in this connection, Civil Code, §§ 4585, 4587, 4593.

In an equity case an exception of.fact to an auditor's report is not submitted to .a jury unless the judge approves the exception, and it is discretionary with the judge whether he will approve the exception. Civil Code, § 4596; *Cranston* v. *Bank*, 112 *Ga.* 617, 620, and cit. If the judge refuse to approve an exception of fact in an equity case, this court will not reverse the judgment, unless it is made to appear that he has abused his discretion, and in no case will it be held that there has been an abuse of discretion when there is any evidence to authorize the finding of the auditor. See the case just cited, and the cases therein referred to. It is incumbent, therefore, upon a plaintiff in error, who complains of the refusal of the judge to approve an exception of fact to an auditor's report in an equity case, to show, to the satisfaction of this court, that the finding of the auditor complained of in the exception was unsupported by the evidence; the presumption being that the finding was correct. After a careful examination of the voluminous brief of evidence in the present case, we can not say that it has been shown with certainty that any finding of the auditor was entirely unsupported by the evidence; and therefore error has not been made to appear in the ruling of the judge refusing to approve the exceptions of fact.

But it is said that this was not an equity case, and that therefore the exceptions of fact should have been submitted to a jury in any event. Whether a case is an equity case or a common-law case depends largely, if not entirely, upon the prayers. *Steed* v. *Savage*, 115 *Ga.* 97 (1). The plaintiff prayed for an accounting, but an accounting may be had either at law or in equity. But he also prayed for a decree dissolving a partnership, and for an injunction, and under the latter prayer obtained a temporary restraining order. That the case is an equity case does not seem to admit of any doubt.

The foregoing discussion disposes of all the questions involved except the one arising out of the auditor's finding that there was no partnership. It is unnecessary to determine whether, under the facts alleged in the petition, the plaintiff and the defendant were partners. As the auditor found that the relation existing between them was as set forth in the defendant's answer; and as the rights of third persons are not involved, and the auditor has made a full accounting between the parties in the light of his finding as to what were the facts with reference to their relationship to each other, it is immaterial to the present controversy what that relationship be denominated. The auditor has found what was the agreement between the parties, and has given effect to the rights of each under the terms of that agreement; and it is immaterial whether the relationship of partners existed, or that merely of principal and agent. No sufficient reason has been shown for reversing the judgment.

*Judgment affirmed. All the Justices concur.*