## HOGAN *v.* WALSH.

An equitable accounting between partners may be had in cases where one partner has sought to withhold from his copartner the right of participation in the partnership and to exclude or expel his copartner, without a prayer for a dissolution. Where, in a suit of this character, the various issues were referred to an auditor, to whose report exceptions were filed, the judge had authority to pass on the exceptions without submitting the issues made thereby to a jury. A judgment overruling the exceptions and making the auditor's finding the judgment of the court, unexcepted to, is valid and final.

Argued February 1, — Decided March 4, 1905.

Illegality. Before Judge Lumpkin. Fulton superior court. March 12, 1904.

*T. C. Battle* and *W. I. Heyward*, for plaintiff in error.

Evans, J. An execution in favor of James H. Walsh against W. J. Hogan was levied upon property of the defendant. This levy was arrested by an affidavit of illegality on the ground that there was " no judgment or decree rendered upon the suit of James H Walsh against him in said case in the superior court, as a foundation for the issuing of said fi. fa." The issue thus made was submitted to the judge of the superior court, without the intervention of a jury, and the following documentary evidence was submitted : (1) The petition in a suit by Walsh against Hogan, in which petition it was alleged they were partners in a retail gro-

cery business; that by the terms of the partnership the plaintiff was to give his entire time to the management of their store and to receive reasonable compensation for his services, and that the profits of the enterprise were to be equally divided between the partners ; that the daily cash receipts of the business were delivered to Hogan for the purpose of buying goods for the partnership, but he, instead of so doing, used the cash receipts in the purchase of goods for an independent business conducted by him individually, discounting his purchases and supplying the partnership store with inferior and shelf-worn goods taken from his own store.   The 6th and 7th paragraphs of this petition were as follows: "Petitioner shows that the total amount of cash turned over to said W. J. Hogan, the same representing the gross receipts from sales from Nov. 1st, 1900, to Sept. 6th, 1901 (the latter date being the day petitioner was denied his rights of participating in the conduct and management of said business), was $2,776.08."     "Petitioner shows that on Sept. 6th, 1901, the said W. J. Hogan, after having refused to replenish the stock on Aug. 26th, 1901, or to account to petitioner for his said refusal, over the objections and contrary to the wishes of petitioner, assumed control and custody of the fixtures and remnant stock then on hand."    The plaintiff further alleged that the sons of Hogan misappropriated certain sums of money received from the sale of partnership goods, and that Hogan agreed to account to plaintiff's firm for the cash receipts thus misapplied.    The value of the services of the plaintiff was averred to be $300, and the prayer was to recover for such services and also $150, " or other like sum, the same being a reasonable and fair estimate of petitioner's interest in the net profits of said business." (2) The answer of the defendant, denying the substantial averments of the petition, and setting up that the plaintiff was indebted to him in a given amount for goods sold by the partnership, and praying an accounting and a judgment for the sums which came into the possession of the plaintiff as funds belonging to the partnership and for which he had not accounted.     (3) The order of reference of the issues made by the pleadings to an auditor, and the report of the auditor finding in favor of the plaintiff $89. (4) The order of the court overruling exceptions to the auditor's report and rendering judgment in favor of the plaintiff for the amount found due him by the auditor.    Upon this evidence the

judge dismissed the illegality and ordered the execution to proceed. The contention of the plaintiff in error is that the pleadings which resulted in the judgment on which the execution issued showed that the proceeding was an action at law, and that the court was without jurisdiction to enter up a judgment without first submitting the issues of fact to a jury, and accordingly its judgment was null and void.

The suit of Walsh against Hogan was an equitable action. The plaintiff not only sought to recover the amount due him for services rendered the partnership under the agreement for special compensation, but also sought an accounting with his partner and a judgment for one half of the net profits of the business. It is true that there was no separate and distinct prayer by the plaintiff for an accounting; but a prayer by one partner that his copartner may be compelled to pay over to him one half of the net profits of the partnership business includes therein a prayer that an account of the partnership transactions may be taken. Bennett v. Woolfolk, 15 Ga. 213. It is further contended that a court of equity has no jurisdiction to entertain a petition for an accounting between partners, unless the petition prays for a dissolution of the partnership. The old equitable rule that no account between partners could be taken, save with the view to the final determination of all questions and cross-claims between them and a dissolution of the partnership, has been considerably relaxed, though it is still applicable where there is no reason for departing from it. 2 Lindley on Partnership, *495. On the same page of the authority just cited, three instances are given where an accounting without a prayer for dissolution may be had, one of these instances being where one partner has sought to withhold from his copartner the right of participation in the partnership affairs, and to exclude or expel his copartner or to drive him to a dissolution. The necessary inference from the allegations of the 6th and 7th paragraphs of the plaintiff's petition is that he had been expelled from the partnership, and that the defendant had taken possession of all the assets of the firm. This brings the case squarely within the exception above stated. While the partnership was not in fact dissolved, yet the business had been discontinued, one of the partners had been excluded by the other from all participation in its affairs, and the defendant had pos-

sessed himself of all of its tangible assets.  The complaining partner alleged that the business showed a net profit of an amount in the neighborhood of $150, and he prayed a recovery of his share of the profits, when ascertained by a final accounting.  The defendant, on the other hand, charged that the plaintiff had retained certain sums which belonged to the partnership, and prayed an accounting for such sums as he had not accounted for. The pleadings constituted an appeal to a court of equity to adjust the respective rights of the partners growing out of the partnership venture, and to render a final decree settling all controversies between them.  This was an equitable action, and was referred to an auditor in order that a full and just accounting might be taken between the members of the partnership.  The auditor duly filed his report, and, upon the overruling of the exceptions filed to his report, the judge observed the usual and proper practice in equity cases by entering up a final decree in favor of the plaintiff for the amount found due him by the auditor. Being an equitable proceeding, there was no necessity for submitting any issue of fact to a jury, the court having overruled all the exceptions filed to the report of the auditor.  It follows that the judgment of the court was not, as contended by the plaintiff in error, void on its face for want of jurisdiction of the court to render the same.  This being the only issue presented for determination, the court properly dismissed the illegality.

*Judgment affirmed.    All the Justices concur.*