### NORTH ATLANTA LAND COMPANY *et al. v.* PORTNESS *et al.*

HILL, J. 1. In equity cases submitted to an auditor, to whose report exceptions of law and fact are filed, the trial judge can, in his discretion, decline to submit the exceptions of fact to a jury, unless he approves them. He may disapprove the exceptions and thereupon enter a decree. *Stone* v. *Risner,* 111 *Ga.* 809 (35 S.. E. 648); *Hogan* v. *Walsh,* 122 *Ga.* 283 (50 S. E. 84); *Austin* v. *Southern Home Association,* 122 *Ga.* 440 (7), 448 (50 S. E. 382).

2. Where in an equity case referred to an auditor the evidence supported his findings, the trial judge did not err in overruling the exceptions of fact thereto. *Rogers* v. *Stern,* 112 *Ga.* 624 (37 S. E. 877); *Cranston* v. *Bank of the State of Georgia,* 112 *Ga.* 617 (37 S. E. 875); *Fowler* v. *Davis,* 120 *Ga.* 442 (2), 443 (47 S. E. 951).

3. While several exceptions of law and fact were filed to the auditor's report, substantially they hinged upon the general question whether under the law and the evidence the report was sustainable. Upon a careful review of the evidence and consideration of the law, it is held that the findings of the auditor were all supported, and there was no error committed in overruling the exceptions of law and fact, nor in entering the decree complained of.

*Judgment affirmed. All the Justices concur.*
MAY 14, 1912.

Exceptions to auditor's report. Before Judge Pendleton. Fulton superior court. May 10, 1911.

*J. E. & L. F. McClelland,* for plaintiffs in error.
*Westmoreland Brothers,* contra.