### MATHEWSON *v.* REED.

HILL, J. 1. A court of equity has jurisdiction in all cases of an accounting and settlement between partners. Civil Code, § 4586; *Neel* v. *Morris,* 73 *Ga.* 406; *Bennett* v. *Smith,* 108 *Ga.* 466, 468 (34 S. E. 156); *Huger* v. *Cunningham,* 126 *Ga.* 684 (56 S. E. 64).

2. "In equity cases submitted to an auditor to whose report exceptions of law and fact are filed, the trial judge can, in his discretion, decline to submit exceptions of fact to a jury, unless he approves them. He may disapprove the exceptions, and thereupon enter a decree. *Stone* v. *Risner*, 111 *Ga.* 809 (35 S. E. 648); *Hogan* v. *Walsh*, 122 *Ga.* 283 (50 S. E. 84); *Austin* v. *Southern Home Association*, 122 *Ga.* 440 (7), 448 (50 S. E. 382)." *North Atlanta Land Co.* v. *Portness*, 138 *Ga.* 135 (74 S. E. 1000); Civil Code, § 5142.

3. Where in an equity case exceptions of fact were filed to an auditor's report, some of which were sustained by the court, and the case was resubmitted to the auditor by order of the court, which recited that it was done by consent of counsel for both parties, with "instructions to the auditor to render a supplemental report of law and facts to the specific grounds of exceptions contained in the defendant's exceptions to the auditor's report on the law and facts which have been filed, approved, and allowed by order of the court this day. And in connection with said supplemental report said auditor is ordered to report and file all the testimony, including the documentary evidence covering said exceptions, as well as to identify all documentary evidence covered by said exceptions considered in making up his original and supplemental report," the order of the court sustaining the exceptions of fact to the auditor's report, which was not excepted to, *is not such a final judgment* as would prevent the auditor in his supplemental report from correcting a mistake in his original report, nor the approval by the judge of the supplemental report. *Hogan* v. *Walsh*, 122 *Ga.* 283 (50 S. E. 84); *Kency* v. *District Grand Lodge*, 148 *Ga.* 515 (97 S. E. 439); *Murphy* v. *District Grand Lodge*, 148 *Ga.* 648 (97 S. E. 858): *Winder Lumber Co.* v. *Washington Brick Co.*, ante, 215 (99 S. E. 863).

4. The findings of the auditor were all supported, and there was no error in overruling the exceptions of law and fact, nor in entering the decree complained of.

*Judgment affirmed. All the Justices concur.*

No. 1176. JULY 16, 1919. REHEARING DENIED JULY 28, 1919.

Equitable petition. Before Judge Terrell. Troup superior court. August 10, 1918.

*Robert C. & Philip H. Alston* and *A. H. Thompson,* for plaintiff in error.

*John F. Methvin,* contra.