## DARIEN BANK *v.* CLIFTON.

No. 5003. SEPTEMBER 11, 1926. REHEARING DENIED SEPTEMBER 29, 1926.

Equitable petition. Before Judge Sheppard. McIntosh superior court. May 25, 1925.

*Tyson & Tyson*, for plaintiff in error.

*H. Wiley Johnson* and *McIntire, Walsh & Bernstein*, contra.

PER CURIAM. Mrs. W. A. Clifton filed suit against the Darien Bank, to recover a sum of money alleged to have been deposited by her in said bank and subsequently paid out without her authority. The case was previously before this court on exceptions to a judgment overruling general and special demurrers. The judgment was affirmed, and a complete statement of the allega-

Equity, 21 C. J. p. 605, n. 5.
Reference, 34 Cyc. p. 794, n. 54, 55; p. 863, n. 10; p. 866, n. 35.

tions of the petition was made. *Darien Bank* v. *Clifton,* 156 *Ga.* 65 (118 S. E. 641). Thereafter the case came on for trial, and was referred to an auditor, who reported a finding in favor of the plaintiff. Defendant filed exceptions to the appointment of an auditor, and also exceptions of law and fact to the auditor's report, and a motion to recommit. One ground of the motion to recommit was sustained; all others were overruled. The defendant excepted pendente lite to the refusal to recommit the case on all of the grounds of the motion. The auditor made a subsequent report, and the defendant filed additional exceptions of law and fact and a motion to dismiss the case. The court overruled the exceptions of law, disapproved the exceptions of fact, and rendered a decision in favor of the plaintiff in accord with the report of the auditor. To this judgment the defendant excepted.

The answer of the defendant was a denial of the contention of the plaintiff that the funds deposited in the bank in her name were misapplied or paid out without authority; and it was specifically alleged that a named individual, holding the position of cashier of the bank, was authorized to act as the friend and business adviser of the plaintiff, as an authorized agent in the depositing of funds, the withdrawal of the same, the purchasing and selling of stock and securities—that is, in making investments for the benefit of the plaintiff. Thus, the sole issue was whether or not the individual holding the position of cashier was authorized to act for the plaintiff as stated, or whether the bank paid out funds held to the credit of the plaintiff by direction of said cashier, and without authority of the plaintiff. The principles of law applicable to the plaintiff's contention under her petition are stated in the previous decision of this court, cited above. The motion to recommit and the exceptions of law and fact all depend at last upon the above-stated controlling issue. On that issue the evidence was in conflict. Our rulings appear in the syllabus.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*