## ELECTRIC CITY BRICK COMPANY *v.* HAGLER.

No. 6850. JULY 23, 1929.

*Lee, Congdon & Fulcher,* for plaintiff in error.

*Fleming & Fleming* and *Hull, Barrett & Willingham,* contra.

HILL, J. (After stating the foregoing facts.)

The case is in this court upon exceptions to the order overruling the demurrers to the amended petition; and upon exceptions to the entering of final judgment in the case, and declining to submit the exceptions of fact to a jury for its consideration. This case is not, as contended, an action at law, where exceptions of fact to an auditor's report are required as matter of law to be submitted to a jury (*Weed* v. *Gainesville Ry.,* 119 *Ga.* 576 (6, 7), *Green* v. *Valdosta Guano Co.,* 121 *Ga.* 131 (2), but is an equitable action where the trial judge in his discretion can decline to submit the exceptions of fact to a jury, unless he approves them. *North Atlanta Land Co.* v. *Portness,* 138 *Ga.* 135 (74 S. E. 1000). We are of the opinion that the allegations of the petition, as set out in the statement of facts, bring this case within the jurisdiction of a court of equity, and therefore that the trial judge did not err in refusing to submit the exceptions of fact to a jury.

Did the court err in sustaining the auditor's report, and in overruling the exceptions of law and fact, and in entering judgment in accordance with the report in favor of the plaintiff against the defendant? The answer to this question depends upon whether the auditor's report on questions of fact is sustained by the evidence, and whether the rulings on questions of law are sustainable. The record in the case is quite voluminous, and the exhaustive and

able brief of counsel for the plaintiff in error is equally so. We have examined both carefully, and reach the conclusion that the findings of the auditor were all supported. It would not be profitable to take up each exception of fact and law and discuss each in detail. However, one or two controlling features of the case will be considered. The defendant in its answer denied most of the allegations of the petition, and pleaded the statute of frauds as to the verbal agreement alleged to have been entered into between the parties, and also the statute of limitations. On the hearing before the auditor the plaintiff amended his petition and alleged that the payment of $8,000 by him was made as surety on the notes given to the Merchants Bank, that the notes were executed under seal, and that he was entitled to be subrogated to the rights of the bank, the payee. The auditor found against the plaintiff on the pleas of the statute of frauds, and the statute of limitations, as to the total indebtedness sued for by the plaintiff under the alleged verbal contract set out in the original petition. There was no exception by the plaintiff to this ruling. The auditor found for the plaintiff on his contention that he was, as indorser of the notes payable to the bank, subrogated to the rights of the bank to the extent of the amount of money which he paid on the notes, with interest. That is to say, the auditor found that only $4,000 of the $8,000 paid by the plaintiff was applied to the payment of the notes indorsed by the plaintiff and given to the Merchants Bank; and that the other $4,000 was applied to other indebtedness. The conclusion of the auditor was, applying the doctrine of subrogation to the plaintiff as indorser of the notes of June 11, 1925, that the plaintiff was entitled to recover $4,000, with interest at 8 per cent. from June 11, 1925, making a total sum of $7,840 to the date of the auditor's report on February 13, 1928. The auditor further found that the defendant was entitled to a deduction of $1,114.43 from the total amount found, leaving a balance of $6,725.56, which the plaintiff was entitled to recover on February 13, 1928.

As we view the record in this case one of the controlling issues is whether the plaintiff is entitled to the benefit of the doctrine of subrogation. The Civil Code (1910), § 3552, declares that "Payment by a surety or indorser of a debt past due entitles him to proceed immediately against his principal for the sum paid, with interest thereon, and all legal cost to which he may have been sub-

jected by default of his principal." "Where a negotiable promissory note indorsed in blank, and discounted at a bank, is paid to the bank at maturity by a surety thereon, title to the note passes to the surety by mere delivery, and no written assignment by the bank is necessary." *Youmans* v. *Puder,* 13 *Ga. App.* 785 (80 S. E. 34). But it is insisted that the agreement between all the individual stockholders of the Electric City Brick Company of the one part, and·the Merchants Bank of the other part, is a contract of *guaranty,* and not a *contract of suretyship,* and therefore that subrogation does not apply. It is stated that paragraph 4 of the agreement provides: "The parties of the second part," being all of the stockholders of Electric City Brick Co., including the plaintiff, "in consideration of obligations assumed by the said bank and the lending of the said sum of $10,000, have and by these presents do jointly and severally guarantee to pay to the said bank each and all of the said notes, . . and they do guarantee the payment of the said note of $10,000 this day executed by Walter D. Merry." This $10,000 note is different from the $20,000 of notes on which plaintiff is allowed the amount found by the auditor. Civil Code (1910), § 3538, declares: "The contract of suretyship is that whereby one obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." We are of the opinion that when the plaintiff indorsed the notes in question, he was in effect a surety and not a guarantor of the notes; and when he paid the amount claimed to have been paid by him to the bank on the notes, he was entitled to be subrogated to the rights of the payee, and that the auditor correctly so held. The actual payment of the money is not denied by the defendant, though the manner of its payment, by check of the plaintiff on a corporation of which plaintiff was president and sole stockholder, is controverted as being a payment by the plaintiff individually. But we are of the opinion that it does not concern the defendant how or in what manner the plaintiff secured the money with which to pay the notes. He got it, and paid it on the notes due the defendant; and when he did that, he should be subrogated to the rights of the payee in the notes, the bank. And the contention that the plaintiff did not pay

the notes to the amount of the indorsement out of his own money is without merit. Headnote 1 requires no elaboration.

*Judgment affirmed. All the Justices concur.*