HENDERSON LUMBER COMPANY *et al. v.* CHATHAM BANK AND TRUST COMPANY *et al.*

RUSSELL, C. J. 1. In equity cases submitted to an auditor to whose report exceptions of law and fact are filed, the trial judge can in his discretion decline to submit exceptions of fact to the jury unless he approves them. He may disapprove the exceptions, and thereafter enter a decree. *Stone* v. *Risner*, 111 *Ga.* 809 (35 S. E. 648); *Hogan* v. *Walsh*, 122 *Ga.* 283 (50 S. E. 84); *Austin* v. *Southern Home Asso.*, 122 *Ga.* 439 (50 S. E. 382); *Mathewson* v. *Reed*, 149 *Ga.* 217 (2) (99 S. E. 854); *Wiley* v. *Sparta*, 154 *Ga.* 1, 23 (114 S. E. 45, 25 A. L. R. 1342).

2. "When, in an equity case, an auditor's findings of fact are warranted by evidence, the Supreme Court will not overrule a refusal of the superior court to approve exceptions of fact to such report and submit the same to a jury." *Cranston* v. *Bank*, 112 *Ga.* 617 (37 S. E. 875); *Fowler* v. *Davis*, 120 *Ga.* 442 (47 S. E. 951).

3. While several exceptions of law and fact were filed to the auditor's report, substantially they hinge upon the general question whether under the law and the evidence the report was sustainable. Upon a careful review of the evidence and consideration of the law, it is held that the findings of the auditor were all supported, and there was no error committed in overruling the exceptions of law and fact, nor in entering the decree complained of. *North Atlanta Land Co.* v. *Portness*, 138 *Ga.* 135 (74 S. E. 1000).

4. Independently of the evidence as to the fraudulent nature of the transaction, as contended by the plaintiffs, which was denied by the defendants, and as to which the evidence was in conflict, the finding of the auditor as to Norman and Dent, and, until the value of the personal property was exhausted, in favor of the Chatham Bank & Trust Company, was correctly approved by the judge of the superior court, because the undisputed evidence shows that the mortgage dated November 30, 1918, and transferred by Talmadge Company to Lanier County Lumber Company, was never recorded in Irwin County. The corporation's principal office or place of business is the residence of the domestic corporation. *McCall* v. *Central Railway Co.*, 120 *Ga.* 602 (48 S. E. 157); *Georgia Fire Ins. Co.* v. *Cedartown*, 134 *Ga.* 87 (67 S. E. 410, 19 Ann. Cas. 954); *Sprinkle Distilling Co.* v. *Southern Express Co.*, 141 *Ga.* 21 (80

S. E. 288). Consequently the executions of the plaintiffs were superior to the mortgage upon the personal property which was transferred to Brewer by Talmadge & Company, mortgagee.

5. There was no error in overruling the motion to recommit the case to the auditor, in view of the fact that it appears from the record that it was agreed by counsel for both parties that on account of the voluminous record the court reporter should brief the same, and also for the reason that it was requested by counsel that the orignal documentary evidence be attached to the auditor's report.

6. The assignments of error based upon the rulings upon evidence contained in the exceptions of law to the auditor's report, and the exceptions based upon the refusal of the judge to approve these exceptions of law, are of such a nature that it is not shown that they materially affected the result or were injurious to the plaintiffs in error. The cause was not submitted to a jury, and it may be assumed that in considering the evidence the trial judge excluded the wheat from the chaff by omitting to consider irrelevant or hearsay testimony in reaching his final conclusion upon the case as a whole as embodied in his decree. The assignments of error as to refusals to admit the testimony which was rejected do not show injury, for it does not appear that a different result would have been required even if the evidence which was repelled by the auditor had been introduced.

*Judgment affirmed. All the Justices concur.*

No. 6848. SEPTEMBER 25, 1929.

142

*Hal Lawson* and *A. J. McDonald & Son,* for plaintiffs in error.
*Travis & Travis* and *Rogers & Rogers,* contra.