*Lamar C. Rucker* and *Erwin, Erwin & Nix,* contra.

DREW *v.* DREW.

No. 11028.   JULY 2, 1936.

*M. A. Walker* and *Hollis Fort,* for plaintiff.

*Jule Fellon* and *Cleveland Rees,* for defendant.

HUTCHESON, Justice.   Mrs. L. S. Drew filed her petition against G. A. Drew to recover certain described land which she alleged belonged to her.   She attached to her petition a warranty deed from the Bank of Richland, conveying the land to her.   The defendant answered.   The case was referred to an auditor.   The pleadings made substantially the following case:   Mrs. L. S. Drew and G. A. Drew (her brother-in-law) agreed to purchase the land in controversy for $3750, each to pay one half of the purchase-price and to hold the land as tenants in common.   To this end they executed to the Bank of Richland two promissory notes on February 27, 1906, one for $2053 due October 1, 1906, and one for $1988.30 due December 1, 1906, with interest.   Mrs. Drew alleged that she paid all of the money on the two notes, except $1108.68, which amount was paid by G. A. Drew.   In 1909 she procured from the bank the deed referred to, made out to her individually, claiming that she could not get G. A. Drew to pay anything further on the notes.   The defendant claimed that he paid more than his half share on the notes, these amounts represented by credits on rent of the land to Mrs. Drew, sale of timber which she cut from the land, payment of taxes by the defendant, and credits for work done by him for the plaintiff.   He contended that if he were given credit for the amounts set out in his answer, it would be found that he had paid far in excess of his half of the notes.

On the hearing before the auditor, evidence was introduced to substantiate the claims of the parties.   It was in conflict as to the amounts paid by each.   The auditor found for the defendant an undivided half interest in the land, and that he was entitled to recover from the plaintiff $1026.46 in excess of the half of the notes on the purchase-price which he had paid, with a special lien on her undivided half interest.   The plaintiff filed exceptions

of law and of fact to the auditor's report, and on the hearing the judge passed an order disapproving all exceptions, and made the report of the auditor the judgment of the court. The plaintiff excepted, contending that the court should have approved her exceptions, and should have allowed the case to proceed to a trial before a jury.

It was contended that the exceptions were fatally defective, because the evidence was not set out in them. But the plaintiff amended the exceptions by setting out the evidence referred to in each of them. In *Clements* v. *Fletcher*, 161 *Ga.* 21 (129 S. E. 846), it was held: "Where within the time allowed by law a party files exceptions to the auditor's report, but neglects to set forth in connection with such exceptions the evidence necessary to be considered in passing thereon, or to point out the same by proper reference, or to attach it as exhibits to his exceptions, such exceptions can be thereafter amended so as to cure these defects." The contention is therefore without merit.

It is stated in the brief of the plaintiff that the controlling issues in the case are the rental contract for the land, the amount of taxes paid by the respective parties, and an accounting of the timber cut by them. After hearing evidence oral and documentary, the auditor found that the parties agreed to purchase the land in controversy jointly for $3750; that this sum plus the interest had been fully paid; that the plaintiff, Mrs. Drew, held an unrecorded warranty deed to the land from the Bank of Richland; that G. A. Drew was entitled to a credit of $800 for rent of the land to Mrs. Drew over a period of several years; that G. A. Drew had overpaid his half of the taxes due on the land by $386.78, and that he was due to Mrs. Drew $325.73, that being the amount she overpaid on the purchase-price; that Mrs. Drew was due G. A. Drew $965.41 on timber which was cut from the land, of which Mrs. Drew got the benefit, including interest; that G. A. Drew was entitled to a deed to a half undivided interest in the land; and that Mrs. Drew was indebted to G. A. Drew in the additional sum of $1026.46, this sum being made up of credits which G. A. Drew was entitled to be reimbursed by Mrs. Drew, as follows: $61.05 paid by G. A. Drew for Mrs. Drew individually; $354.29 due for lumber, and interest thereon amounting to $570; and $41.12 as an allowance for garnishment proceedings. The auditor

found that G. A. Drew was entitled to judgment for this sum in addition to a deed to a half interest in the land. There were numerous exceptions of fact on the ground that the evidence did not warrant the findings; and exceptions of law on the ground that the findings of law were not authorized by the evidence.

■ It is contended that the judge should have submitted to a jury the exceptions to the findings of fact. This is an equity case. "In equity cases submitted to an auditor, to whose report exceptions of law and fact are filed, the trial judge can, in his discretion, decline to submit the exceptions of fact to a jury, unless he approves them. He may disapprove the exceptions and thereupon enter a decree. *Slone* v. *Risner*, 111 *Ga.* 809 (35 S. E. 648); *Hogan* v. *Walsh*, 122 *Ga.* 283 (50 S. E. 84); *Austin* v. *Southern Home Association*, 122 *Ga.* 440 (7), 448 (50 S. E. 382)." *North Atlanta Land Co.* v. *Portness*, 138 *Ga.* 135 (74 S. E. 1000). See *Wiley* v. *Sparta*, 154 *Ga.* 1 (4), 23 (114 S. E. 45, 25 A. L. R. 1342); *Darien Bank* v. *Clifton*, 162 *Ga.* 625 (134 S. E. 619).

■ The evidence is voluminous, and is conflicting on some of the items claimed as credits by both parties; but the finding of the auditor on the facts is amply supported by the documentary and oral evidence. "Where in an equity case referred to an auditor the evidence supported his findings, the trial judge did not err in overruling the exceptions of fact thereto. *Rogers* v. *Stein*, 112 *Ga.* 624 (37 S. E. 877); *Cranston* v. *Bank of the State of Georgia*, 112 *Ga.* 617 (37 S. E. 875); *Fowler* v. *Davis*, 120 *Ga.* 442 (2), 443 (47 S. E. 951)." *North Atlanta Land Co.* v. *Portness*, and *Darien Bank* v. *Clifton*, supra.

■ There are several exceptions to the findings of law by the auditor. These findings were based on the findings of fact; and the exceptions are predicated on the statement that the findings of law were against the preponderance of the evidence. The evidence supported the findings of fact as well as the conclusions of law based thereon. *Henderson Lumber Co.* v. *Chatham Bank & Trust Co.*, 169 *Ga.* 139 (149 S. E. 885). The judge did not err in overruling the exceptions of fact and of law, and in making the finding of the auditor the judgment and decree of the court.

*Judgment affirmed. All the Justices concur, except Bell, J., disqualified.*