## McCREA v. GEORGIA POWER COMPANY.

No. 12572. FEBRUARY 18, 1939. REHEARING DENIED MARCH 11, 1939.

Judges Gardner, Davis, and Dorsey were designated for this case, instead of disqualified Justices of the Supreme Court.

*Ryals, Anderson & Anderson* and *W. W. Walker,* for plaintiff.

*MacDougald, Troutman & Arkwright, Roberts & Roberts,* and *M. F. Adams,* for defendant.

GARDNER, Judge. The plaintiff's case is based entirely upon

prescriptive title, (a) under color of title (Code, § 85-407), and (b) under Code, § 85-406, without color of title. After the former trial this case was reversed (*McCrea* v. *Georgia Power Co.*, 179 *Ga.* 1 (174 S. E. 798), and was referred to an auditor, whose findings of law and of fact were generally in favor of the defendant. As is conceded by counsel for both parties, the facts touching the respective claims are substantially the same as those contained in the former record and as set forth in the opinion delivered at that time. In the trial now under review, exceptions of law and of fact were filed by the plaintiff to the auditor's report. All of these exceptions were overruled by the trial judge, and a final decree was thereupon entered in favor of the defendant. The controversy related to a tract of land referred to in the record as a mill-site. Neither the plaintiff nor the defendant traced title to the State, and the claims of each related to prescriptive title. It is axiomatic that the plaintiff can not recover upon the weakness of the defendant's title, but must recover upon the strength of her own title, and since, as stated, she did not trace title to the State, she must depend upon prescriptive title and show a better title than the defendant. On the merits of the case the auditor made two important findings against the plaintiff as related to her claim of prescriptive title: 1, that her claim of title by prescription, or her possession, did not originate in good faith; 2, that regardless of any question of good faith she failed to prove title by prescription under either theory upon which her case was predicated. The plaintiff, in her exceptions to the auditor's report and in her argument to this court, insists most strenuously against the finding of the auditor to the effect that her claim did not originate in good faith. According to our view of the case, we do not think it necessary to enter into a discussion or decision as to whether the evidence authorized this particular finding on the part of the auditor.

It has been held in several decisions of this court that an auditor may make alternative findings, and if either finding is based upon sufficient evidence and is not within and of itself subject to any exception, and such finding has the approval of the trial judge, it will not be set aside on review by this court merely because some other finding, as in this case want of good faith, may not have been supported by evidence. In support of the propositions just stated as to alternative findings, and as to the consequences thereof, on

approval of the auditor's report, see *Robinson* v. *Reese*, 175 *Ga.* 574 (6) (165 S. E. 744); *Barber* v. *Southern Service Corporation*, 182 *Ga.* 124, 130 (185 S. E. 93); *Callan Court Co.* v. *Citizens & Southern National Bank*, 184 *Ga.* 87, 132 (190 S. E. 831); *Wardlaw* v. *Wardlaw*, 185 *Ga.* 181, 185 (194 S. E. 187), and cit. So, regardless of all questions of good faith, a careful review of the evidence discloses that the second of the auditor's alternative findings, as stated above, was supported by the evidence. What is said above sufficiently disposes of exceptions of law 22, 26, 27, and 29, and exceptions of fact 3 and 4.

Exceptions 1 to 16, inclusive, complain of the admission of testimony of witnesses as to ownership and boundaries, and as to claims asserted and not asserted to various tracts, including that in controversy. This testimony was objected to on the grounds that it was hearsay and contained mere conclusions of the witnesses. The testimony was not subject to either of these objections, it not appearing that the testimony was not based upon the personal knowledge of the witnesses, and the conclusions, if any, being based upon a sufficient specification of facts to make them admissible. See *Atlanta Glass Co.* v. *Noizet*, 88 *Ga.* 43 (2) (13 S. E. 833); *Shaw* v. *Jones*, 133 *Ga.* 446 (3) (66 S. E. 240); *Alexander* v. *First National Bank of Fresno*, 140 *Ga.* 266 (2 a) (78 S. E. 1071).

A deed is not admissible as color of title unless it describes the property or furnishes a key for description. *Harden* v. *Sutton*, 143 *Ga.* 727 (3) (85 S. E. 874), and cit. In *Crawford* v. *Verner*, 122 *Ga.* 814, 816 (50 S. E. 958), it was held that "The same certainty of description which is requisite to constitute an instrument a conveyance of title is required in an instrument which is relied on as color of title." The converse of this proposition would seem also to be true. *Whitehead* v. *Pitts*, 127 *Ga.* 774 (4) (56 S. E. 1004); *Ragan* v. *Carter*, 145 *Ga.* 320 (89 S. E. 206). Upon application of the above principles to exception 17, the plat of the homestead rejected from the evidence was wholly void for indefiniteness of description. The above ruling disposes of exceptions of law 20, 21, 23, 24, and exceptions of fact 1, 2, and 4.

Exception 18 to the auditor's report complains of the exclusion of evidence offered by the plaintiff to the effect that a predecessor in title of the defendant had at one time tried to buy this property from the plaintiff's husband. It is claimed that this evidence would

have shown an admission against interest made by the defendant's predecessor in title, and was admissible in support of the plaintiff's claim. For the reasons pointed out by Judge Hawkins, upon the former appearance of this case (179 *Ga.* 1, 11, supra), no sufficient foundation was laid to render the testimony admissible.

Exceptions 19 and 25 complain of a finding or ruling by the auditor to the effect that the building of a fence by the plaintiff's father and brother could not strengthen the plaintiff's claim, because the father and brother had no title in the land on which the fence was built. This fence was built while the plaintiff's grandmother was in possession under the claimed homestead. It does not appear that the building of the fence was authorized by the grandmother then in possession, or that the same was built in assertion of any claim to the property. This act appears to have been independent of and irrelevant to any claim of prescription by the plaintiff. In other words, it does not appear that this act was in connection with the assertion of adverse title against any one, or in right of the plaintiff or any one under whom she claims. It is not shown that the act was hostile as against any person. See, in this connection, *Joiner* v. *Borders*, 32 *Ga.* 239; *Denham* v. *Holeman*, 26 *Ga.* 182 (71 Am. D. 198); *Keller* v. *Dillon*, 26 *Ga.* 701, 703; *McCook* v. *Crawford*, 114 *Ga.* 337 (40 S. E. 225); *Mayor &c. of Savannah* v. *Standard Fuel Supply Co.*, 140 *Ga.* 353, 359 (78 S. E. 906, 48 L. R. A. (N. S.) 469).

Exceptions not hereinbefore specifically dealt with are without merit, and are not of sufficient importance to warrant any further discussion. "In equity cases submitted to an auditor to whose report exceptions of law and fact are filed, the trial judge can, in his discretion, decline to submit exceptions of fact to a jury, unless he approves them. He may disapprove the exceptions, and thereupon enter a decree. *Stone* v. *Risner*, 111 *Ga.* 809 (35 S. E. 648); *Hogan* v. *Walsh*, 122 *Ga.* 283 (50 S. E. 84); *Austin* v. *Southern Home Association*, 122 *Ga.* 440 (7), 448 (50 S. E. 382)." *Mathewson* v. *Reed*, 149 *Ga.* 217 (2), 218 (99 S. E. 854). See also, *Wiley* v. *Sparta*, 154 *Ga.* 1 (4), 23 (114 S. E. 45, 25 A. L. R. 1342). "Where in an equity case referred to an auditor the evidence supported his findings, the trial judge did not err in overruling the exceptions of fact thereto. *Rodgers* v. *Stern*, 112 *Ga.* 624 (37 S. E. 877); *Cranston* v. *Bank of the State of Georgia*, 112 *Ga.* 617

(37 S. E. 875) ; *Fowler* v. *Davis,* 120 *Ga.* 442 (2), 443 (47 S. E. 951)." *North Atlanta Land Co.* v. *Portness,* 138 *Ga.* 135 (2) (74 S. E. 1000).

It follows that the judge did not err in refusing to approve the exceptions of the plaintiff, based upon the ground that such findings were not authorized under the law and the evidence.

*Judgment affirmed. Justices Bell, Jenkins, and Grice and Judges Garner, Dorsey, and Davis concur.*